Robert Fish (SBN 149711)
rfish@fishiplaw.com
John van Loben Sels (SBN 201354)
jvanlobensels@fishiplaw.com
Jennifer Shih (SBN 276225)
jshih@fishiplaw.com
FISH IP LAW, LLP
2603 Main Street, Suite 1000
Irvine, California 92614
Telephone:  (949) 943-8300
Facsimile:   (949) 943-8358

Attorneys for Defendant,
Bird-B-Gone, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dennis Fugnetti,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Bird-B-Gone, Inc.; and Does 1-10, inclusive,<br><br>　　　　　　Defendant.<br><br>Bird-B-Gone, Inc.; and Does 1-10, inclusive,<br><br>　　　　　Counter-Claim Plaintiff,<br><br>　　v.<br><br>Dennis Fugnetti, an individual,<br><br>　　　　　Counter-Claim Defendant. | **Case No. 8:19-cv-00847-AG (DFMx)**<br><br>**DEFENDANT'S ANSWER AND COUNTERCLAIMS**<br><br>**Counterclaims for:**<br><br>　1) **Breach of Contract;**<br>　2) **Breach of Non-Exclusive License;**<br>　3) **Declaratory Judgment of Unenforceability for Copyright Misuse; and**<br>　4) **Request for Attorneys' Fees**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. Andrew Guilford<br><br>Complaint Filed:   May 6, 2019 |

Defendant, Bird-Gone, Inc. ("Defendant" or "BBG") answers the Complaint for Damages and Injunctive Relief ("Complaint") filed by Plaintiff, Dennis Fugnetti ("Plaintiff" or "Fugnetti") as follows:

## JURSIDICTION AND VENUE

1. Defendant admits the allegations in paragraph 1 of the Complaint.
2. Defendant admits the allegations in paragraph 2 of the Complaint.
3. Defendant admits the allegations in paragraph 3 of the Complaint.
4. Defendant admits the allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and on that basis denies such allegations.
6. Defendant admits the allegations contained in paragraph 6 of the Complaint.
7. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and on that basis denies such allegations.

## FACTUAL ALLEGATIONS

8. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and on that basis denies such allegations.
9. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and on that basis denies such allegations.
10. Defendant denies the allegations in paragraph 10 of the Complaint. The effective date of the registration for the Flying Pigeon Image was not October 23, 2018. October 23, 2018 was the filing date.
11. Defendant denies the use of "self described" in paragraph 11 of the Complaint and on that basis denies such allegations.

1
DEFENDANT'S ANSWER AND COUNTERCLAIMS

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.  Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations in paragraph 23 of the Complaint.

22. Defendant admits the allegations in paragraph 23 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint.

24. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and on that basis denies such allegations.

25. Defendant admits the allegations in paragraph 25 of the Complaint.

26. Defendant admits the allegations in paragraph 26 of the Complaint.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29.  Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint, and on that

DEFENDANT'S ANSWER AND COUNTERCLAIMS

basis denies such allegations.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint and on that basis denies such allegations.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant admits the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph35 of the Complaint as ellipses are used.

36. Defendant admits the allegations in paragraph 36 of the Complaint.

37. Defendant admits the allegations in paragraph 37 of the Complaint.

38. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, and on that basis denies such allegations.

39. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint, and on that basis denies such allegations.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant admits the allegations in paragraph 42 of the Complaint.

43. Defendant admits the allegations in paragraph 43 of the Complaint.

44. Defendant admits the allegations in paragraph 44 of the Complaint.

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant admits to the allegations in paragraph 49 of the Complaint.

50. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint and on that

DEFENDANT'S ANSWER AND COUNTERCLAIMS

basis denies such allegations.

51. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint, and on that basis denies such allegations.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, and on that basis denies such allegations.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

## FIRST CAUSE OF ACTION

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Bird-B-Gone Inc. ("BBG" or "Defendant") alleges and asserts the following defenses in response to the allegations of the Complaint and does so

without assuming any burden that it would not otherwise have.  In addition to the affirmative defenses described below, Defendant specifically reserves its right to allege affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Non-exclusive License)

1. Plaintiff's claims are barred, in whole or in part, by license or the doctrine of implied license because Plaintiff impliedly and explicitly, directly and indirectly, licensed the Flying Pigeon Image to BBG

## SECOND AFFIRMATIVE DEFENSE
### (Authorized Use, Consent, and Acquiescence)

2. Plaintiff's claims are barred, in whole or in part, by license or the doctrine of implied license because Plaintiff impliedly and explicitly, directly and indirectly, authorized, consented to, or acquiesced to BBG's allegedly infringing use of the Flying Pigeon Image.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3. Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.  Plaintiff's conduct is inequitable because BBG purchased unlimited rights to use the Flying Pigeon Image, and Plaintiff has long known of Defendant's allegedly infringing use yet silently allowed Defendant to build its brand, marketing and advertising around the Flying Pigeon Image.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. Plaintiff's claims are barred in whole or in part, by laches.  Defendant BBG made open and constant use of the Flying Pigeon Image, with Plaintiff's knowledge, since BBG purchased all rights to the image from Plaintiff in 1999.

5. Plaintiff knew or should have known the BBG relied upon its rights to the Flying Pigeon Image.  Plaintiff unreasonably delayed the filing of the Complaint

5

DEFENDANT'S ANSWER AND COUNTERCLAIMS

until twenty years after it learned of conduct Plaintiff now claims infringes its copyright.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

6. Plaintiff's claims are barred, in whole or in part by the applicable statute of limitations period because the conduct about which Plaintiff complains took place in whole or in part beyond the applicable limitations period for Plaintiff's claim. Further, no facts exist on which Plaintiff might claim the applicable limitations period was tolled or otherwise failed to run.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Actual Damages)

7. Defendant is not liable for Plaintiff's actual damages because Plaintiff has not suffered any actual damages on account of BBG's alleged use of the Flying Pigeon Image.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Statutory Damages)

8. BBG is not liable to Plaintiff for statutory damages because BBG has not infringed Plaintiff's registered copyright.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

9. Plaintiff's claims for enhanced damages under 17 U.S.C. § 504(c) and an award of attorneys' fees and costs against BBG are barred because they have no basis in fact or law, and Defendant did not willfully infringe Plaintiff's copyright. Moreover, Plaintiff does not have valid ownership of the copyright.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

10. Plaintiff knowingly gave up his right to assert a copyright infringement claim when he granted a non-exclusive oral license to Defendant for Defendant's

1 | unlimited use of the Flying Pigeon Image.

## TENTH AFFIRMATIVE DEFENSE
### (No Valid Copyright Ownership)

11. Plaintiff is not the legal or beneficial owner of the Flying Pigeon Image as required under 17 U.S.C. §501. Fugnetti does not retain sole ownership of the copyright to the Flying Pigeon Image.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Valid Copyright Registration)

12. Plaintiff does not have a valid copyright registration to the Flying Pigeon Image because the Flying Pigeon Image does not contain authorship subject to copyright.

## TWELVETH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

13. Plaintiff has engaged in inappropriate conduct in enforcing the Flying Pigeon Image.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

14. Defendant retained Fugnetti through the agency, MIAD Photography, to take photographs, one of which included the Flying Pigeon Image.

15. Plaintiff is not legal owner of the Flying Pigeon Image and therefore does not have the requisite standing under 17 U.S.C. § 501 to bring this complaint.

## COUNTERCLAIMS

Counterclaimant Bird-B-Gone, Inc. ("BBG" or "Counterclaimant"), counterclaims against Counterclaim-Defendant Fugnetti ("Fugnetti" or "Counterdefendant"), and alleges as follows:

### JURSIDICTION AND VENUE

1. Defendant brings its counterclaims for breach of contract; breach of non-exclusive license; declaratory judgment of unenforceability due to patent misuse;

and request for attorneys' fees.

2. This Court has supplemental jurisdiction over Defendant's counterclaims because the claims are compulsory counterclaims under FED. R. CIV. P. 13.

3. Dennis Fugnetti is subject to personal jurisdiction in this Court because he resides in this district and he has purposefully directed material actions toward and had impacts in this district.

4. Venue for this action properly rests in the United States District Court for the Central District of California, because the license upon which this action arises was negotiated and granted in Orange County, California.

## PARTIES

5. Plaintiff Bird-B-Gone, is a corporation organized and existing under the laws of the State of California, with a place of business at 15375 Barranca Pkwy., Ste. D, Irvine, CA 92618.

6. Bird-B-Gone is the world's largest manufacturer of professional grade bird deterrents and has expended considerable resources researching, developing and obtaining worldwide intellectual property protection for its deterrent devices. Bird-B-Gone is the owner of numerous patents, trademarks, and copyrights.

7. Upon information and belief, Dennis Fugnetti is an individual residing in Orange County, California.

8. Upon information and belief, Fugnetti and a partner worked for MIAD during the relevant time period, a photo and graphic agency with an address of 1679 E. Orangethorpe Ave. Unit 143, Atwood, California 92811-1200.

## BACKGROUND

9. BBG offers an extensive line of humane bird deterrents available on its website at https://www.birdbgone.com/, to solve bird problems in commercial, industrial, and residential settings.

10. In or about 1996 to 1997, BBG retained MIAD on a project-by-project basis for certain marketing projects.

11. In or about 1999, Stephanie Fitzpatrick, Head of Marketing at BBG, commissioned Fugnetti to take some pictures of a flying bird to include in a marketing advertisement for BBG products, and for other later uses.

12. Following instructions and directions from BBG, Fugnetti took around fifty (50) photos of birds in Newport Beach, California.

13. Fugnetti did not create or originate the photograph of the Flying Pigeon Image on his own.

14. By oral agreement, BBG purchased all rights, title and interest to the pictures it commissioned from Fugnetti.  Fugnetti sent the fifty (50) photos to BBG, and BBG then paid 100% of Fugnetti's asking price for the photographs. The parties expressly intended that by this transaction Fugnetti would thereby transfer ownership to BBG of all ownership interests of the Flying Pigeon Image and the other photographs which Fugnetti took at that time as a part of the BBG assignment.

15. Fugnetti and BBG did not discuss any restrictions or scope of the transfer of ownership rights in the photographs – and BBG did not agree to any such restrictions – because BBG purchased the photographs with an unlimited license to use as BBG saw fit.  At the time, Fugnetti knew that BBG intended to use the images in its marketing materials, and Fugnetti did not attempt to restrict or limit BBG's ability to do so going forward.  BBG ultimately selected one of the Fugnetti photographs for use in its marketing materials.  This is the Flying Pigeon Image.

16. As technology advanced, Fugnetti's services preparing marketing materials became obsolete and the parties parted ways in or about 2001 and 2002.  Up until that time, BBG made consistent use of the Flying Pigeon Image in its marketing, branding and advertising materials, and Fugnetti had actual knowledge of these actions.  At no time from the original transfer of the photographs from Fugnetti to BBG until 2017 did Fugnetti suggest that he or anyone other than BBG retained an ownership interest in the Flying Pigeon Image (or any of the other images Fugnetti

9
DEFENDANT'S ANSWER AND COUNTERCLAIMS

sold at the same time).

17. Because BBG had full ownership of the Flying Pigeon Image, in or about December 3, 2003, BBG applied for trademark registration for the Flying Pigeon Image. Fugnetti never initiated cancellation proceedings for the trademark.

18. In or about May of 2017, BBG learned that certain of its Chinese competitors had knocked off BBG's Flying Pigeon Image for use with their competing goods. BBG sought to stop the Chinese competitors from their unlawful use of BBG's image, so BBG contacted Fugnetti in order to ask him for assistance with BBG's copyright registration for the Flying Pigeon Image so that BBG could assert a copyright infringement claim against its Chinese competitors.

19. Rather than work cooperatively with his former customer, and unbeknownst to BBG, Fugnetti used BBG's approach as an opportunity to fraudulently profit from the Flying Pigeon Image that he had already been compensated for twenty (20) years prior.

20. Fugnetti did not submit a copyright application until October 23, 2018, nearly twenty (20) years after he had taken a photo of the Flying Pigeon Image.

## FIRST COUNTERCLAIM
### (Breach of Contract)

21. BBG re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

22. On or about 1999, BBG negotiated and paid Fugnetti's company, MIAD, for the unrestricted rights, title, and interest in the Flying Pigeon Image and other photographs taken by Fugnetti for that assignment. As part of the transaction, BBG expressly communicated its intention to use the images Fugnetti took and sold to BBG in future, unspecified BBG marketing materials.

23. BBG and Fugnetti did not have any discussion or agreement which would limit the Flying Pigeon Image to any specific display materials, spec sheets, and sales and education material.

24. During the course of the parties' negotiations, Fugnetti never attempted to reserve for himself or his company any rights in the Flying Pigeon Image or any of the other photographs that BBG commissioned Fugetti to take on BBG's behalf. Through the purchase of the photographs, Fugnetti intended to and did transfer to BBG all right, title and ownership interest in the Flying Pigeon Image and the other bird photographs that BBG commissioned Fugnetti to take in 1999.

25. In consideration for the unrestricted use of the Flying Pigeon Image, BBG paid Fugnetti 100% of his company's invoice amount.

26. BBG would not have continued to market the Flying Pigeon Image if it did not have the unrestricted right to do so.

27. Counterclaimant performed all obligations that the oral agreement required it to do.

28. As a direct result of Fugnetti's actions, BBG has suffered monetary, competitive and irreparable harm.

29. Fugnetti's breach of the oral contract was a substantial factor in causing Counterclaimant's harm.

## SECOND COUNTERCLAIM
### (Breach of Non-Exclusive License)

30. BBG re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

31. With the purchase of the Flying Pigeon Image, Fugnetti granted BBG an oral, non-exclusive license to the Flying Pigeon Image.

32. Fugnetti never indicated expressly or implicitly that there was a limitation in scope of any sort in how BBG could use the Flying Pigeon Image.

33. BBG would not have purchased the Flying Pigeon Image if BBG was limited to only displaying the Flying Pigeon Image at seminars and trade shows, or any other limitation.

34. Since the purchase of the Flying Pigeon Image, BBG has continuously used

11
DEFENDANT'S ANSWER AND COUNTERCLAIMS

the Flying Pigeon Image on its branding of products and in its marketing and advertising materials.

35. Fugnetti agreed to the non-exclusive license and he never revoked the oral, non-exclusive license.

36. As a direct result of Fugnetti's actions in attempting to retroactively restrict the terms of the non-exclusive license, BBG has suffered monetary, competitive and irreparable harm.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability Copyright Misuse)

37. BBG re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

38. BBG seeks a declaration that Fugnetti has no enforceable copyright in the Flying Pigeon Image.

39. Fugnetti's Complaint is an improper attempt to use the Court to extort a an additional payment from BBG to which he is not entitled.

40. Fugnetti has engaged in unreasonably anticompetitive conduct by attempting to prohibit BBG's use of the Flying Pigeon Image in BBG's marketing materials.

41. Fugnetti has attempted to improperly enlarge his monopoly of the copyright by claiming that the he only gave BBG permission to use the Flying Pigeon Image in a narrow scope limited to display materials, spec sheets, and sales and education materials.

42. BBG seeks to preclude Fugnetti's improper enforcement of the Flying Pigeon Image as a result of this copyright misuse and a declaration from the U.S. Copyright Office that the Flying Pigeon Image copyright is unenforceable.

### FOURTH COUNTERCLAIM
### (Request for Attorneys' Fees)

43. BBG re-alleges and incorporates by reference the foregoing allegations as

though fully set forth herein.

44. Section 505 of the Copyright Act allows the court to "award a reasonable attorney's fee to the prevailing party as part of the costs."

45. On or about 1999, Fugnetti granted an oral non-exclusive license to BBG as BBG paid for the fifty photographs, which included the Flying Pigeon Image.

46. Upon information and belief, Fugnetti's complaint is baseless due to the agreement.

47. Upon information and belief, Fugnetti's complaint is a frivolous lawsuit.

48. Upon information and belief, Fugnetti's purpose of bringing the complaint is contrary to the primary objective of the Copyright Act.

## PRAYER FOR RELIEF

**WHEREFORE,** BBG prays for judgment against Fugnetti as follows:

1. For a judgment that the Flying Pigeon Image copyright is unenforceable;
2. For damages and lost profits, according to proof at trial, for Fugnetti's breach of contract and/or breach of the non-exclusive license;
3. For interest on said sum at the legal rate per annum from the date of breach through the date of judgment according to proof at the time of trial;
4. For punitive damages in an amount to be determined at trial;
5. For BBG's reasonable attorneys' fees;
6. For BBG's cost of suit incurred herein;
7. For injunctive relief against Fugnetti;
8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

BBG hereby demands a jury trial on all issues.

DATED: June 28, 2019

Respectfully submitted,
FISH IP LAW, LLP

/s/ *John van Loben Sels/*
John van Loben Sels
Attorneys for Defendant,
BIRD-B-GONE, INC.

13
DEFENDANT'S ANSWER AND COUNTERCLAIMS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on June 28, 2019.

                                          */s/ John van Loben Sels*
                                          John van Loben Sels, Esq.