UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00847 AG (DFMx) | Date | November 19, 2019 |
|---|---|---|---|
| Title | DENNIS FUGNETTI V. BIRD B GONE, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Melissa Kunig | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S SPECIAL MOTION TO STRIKE, MOTION TO DISMISS, AND MOTION FOR ATTORNEY FEES**

This is a copyright infringement case. Plaintiff Dennis Fugnetti ("Fugnetti") sued Defendant Bird B Gone, Inc. ("BBG") asserting one claim for copyright infringement involving a photograph of a pigeon landing mid-flight. (Compl., Dkt. No. 1.) BBG responded by asserting two counterclaims, including one counterclaim for breach of contract. (First Am. Answer and Counter Compl. ("FACC"), Dkt. No. 32.)

Fugnetti now moves for the second time to strike BBG's breach of contract counterclaim under California's statute against Strategic Lawsuits Against Public Participation (commonly called "anti-SLAPP"). (Anti-SLAPP Mot. to Strike and Mot. to Dismiss ("Anti-SLAPP Mot."), Dkt. No. 33.) Alternatively, Fugnetti moves to dismiss this counterclaim under Federal Rule of Civil Procedure 12(b)(6). (*Id.*) Fugnetti also moves for attorney fees for his prior and current anti-SLAPP motions under California Code of Civil Procedure § 425.16(c)(1). (Mot. for Att'y Fees, Dkt. No. 34.) BBG similarly requests attorney fees, arguing Fugnetti's anti-SLAPP motion is frivolous and intended to cause unnecessary delay.

As this Court has stated numerous times to counsel, it is concerned about the vigorous activity in this case compared to the small amounts involved in a dispute about a single unremarkable photograph of rather limited value. The Court is compelled to consider *proportionality*. The perceived need for an anti-SLAPP motion in a case such as this is troubling. The Court held an extensive oral argument urging proportional conduct, and now rules on the pending motion, as it must.

The Court finds that Fugnetti's anti-SLAPP motion should be granted. Leave to amend isn't appropriate because BBG's breach of contract counterclaim can't be cured by alleging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00847 AG (DFMx) | Date | November 19, 2019 |
|---|---|---|---|
| Title | DENNIS FUGNETTI V. BIRD B GONE, INC. | | |

additional facts. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

Regarding attorney fees, BBG isn't entitled to any attorney fees. Fugnetti is entitled to his reasonable attorney fees as the prevailing party in both his prior and current anti-SLAPP motions. Given the small amount at issue in this case, together with the fact that Fugnetti only partially prevailed in his prior anti-SLAPP motion, the Court finds a total attorney fee award of $2,000 reasonable. This award comports with a global view of reasonableness. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1335 (C.D. Cal. 2015), *appeal dismissed* (Feb. 18, 2016). It also reflects what is reasonable in a case where the amount involved might be less than $2,000.

The Court GRANTS Fugnetti's special motion to strike the breach of contract counterclaim under California's anti-SLAPP statute without leave to amend. The Court DENIES Fugnetti's motion to dismiss this counterclaim as moot. The Court AWARDS Fugnetti $2,000 in attorney fees.

                                                                                 : 0

Initials of Deputy Clerk  mku