UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 19-00847-CJC(DFMx)          Date: June 12, 2020

Title: <u>DENNIS FUGNETTI V. BIRD B GONE, INC., *ET AL.*</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, CHIEF UNITED STATES DISTRICT JUDGE**

<u>Gabriela Garcia</u>          <u>N/A</u>
Deputy Clerk          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present          None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DIRECTING PARTIES TO SUBMIT A JOINT STATUS REPORT AND VACATING PLAINTIFF'S MOTION TO COMPEL (Dkt. 55)**

In May 2019, Plaintiff Dennis Fugnetti filed this copyright infringement action against Defendant Bird B Gone, Inc. and unnamed Does. (Dkt. 1 [Complaint, hereinafter "Compl."].) Mr. Fugnetti, a photographer and graphic designer, allegedly produced an image of a flying pigeon and licensed it to Bird B Gone to promote its "bird control products." (*Id.* ¶¶ 9–17.) In the instant action, Mr. Fugnetti alleges that Bird B Gone used the image outside the scope of that license and therefore infringed upon his copyright in violation of 17 U.S.C. § 101. (*Id.* ¶¶ 65–70.) Bird B Gone contends that it purchased "an unrestricted oral, non-exclusive license to the [image]" and that Mr. Fugnetti breached this non-exclusive license by filing the instant action. (Dkt. 32 [First Amended Answer and Counterclaims, hereinafter "FAA"] ¶¶ 49–54.) Bird B Gone filed a counterclaim for breach of non-exclusive license. (*See id.*)

This case has been litigated aggressively and extensively. Before it was transferred to the undersigned, (Dkt. 52), Judge Guilford repeatedly admonished the parties for "the vigorous activity in this case compared to the small amounts involved in a dispute about a single unremarkable photograph of rather limited value," (Dkt. 42; *see also* Dkt. 49). The parties filed multiple *ex parte* applications, anti-SLAPP motions, and requests for interlocutory appeal. (*See* Dkt. 11, 20, 33, 47.) Most recently, on June 11, 2020, the parties filed a joint stipulation on Plaintiff's motion to compel that spans more

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 19-00847-CJC(DFMx)  Date: June 12, 2020
Page 2

than 70 pages. (Dkt. 55 [hereinafter "Stip."].) The Court shares Judge Guilford's concern that counsel's activity in this case is disproportionate to the value of the property at issue. To make matters worse, counsel for Plaintiff has apparently continued to litigate this case after Mr. Fugnetti's death, without timely notifying the parties and the Court, and without substituting a representative of Plaintiff's estate.

On May 26, 2020, Bird B Gone filed a "Notice of Death of Plaintiff and Request for Status Conference." (Dkt. 54.) It explained that Mr. Fugnetti passed away in or around January 2020, but that Plaintiff's counsel did not notify Bird B Gone until May 2020. (*Id.*) To date, neither party has filed a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a). Indeed, counsel for Plaintiff does not acknowledge Mr. Fugnetti's death in the June 2020 stipulation and motion. (*See* Stip.)

This action cannot continue unless and until this Court issues an order substituting a proper party. *See* Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."); *Hilao v. Estate of Marcos* 103 F.3d 762, 766 (9th Cir. 1996) (explaining that if a party dies and the claim is not extinguished by applicable substantive law, the court may order substitution of the decedent by a "proper party"); *see also* 17 U.S.C. § 201(d)(1) ("The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession."). Failure to timely file a motion for substitution is grounds for dismissal. *See* Fed. R. Civ. P. 25(a)(1).

The Court is seriously concerned that Plaintiff's counsel filed a motion and stipulation "as Attorney for Plaintiff Dennis Fugnetti" six months after Mr. Fugnetti passed away and before making any request to substitute a proper party. (*See* Stip. at 71.) The Court has no reason to believe that Plaintiff's counsel has any authority to act on behalf of Mr. Fugnetti's estate. *See Deiter v. Kiser*, 158 Cal. 259, 262 (1910) (death of client terminates counsel's authority to act on his behalf); 7A C.J.S. Attorney & Client § 335 (same). Accordingly, the parties' stipulation and Plaintiff's motion to compel is hereby **DISMISSED WITHOUT PREJUDICE**.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 19-00847-CJC(DFMx)  Date: June 12, 2020
Page 3

    This gamesmanship ends now. Defendant and counsel for Plaintiff are hereby **DIRECTED** to meet and confer and submit a joint status report to the Court addressing (1) their efforts to identify the proper party for substitution, if any, and (2) whether and when each party intends to file a motion for substitution.

af

MINUTES FORM 11
CIVIL-GEN                                                                 Initials of Deputy Clerk GGA