1   Robert Fish (SBN 149711)
    rfish@fishiplaw.com
2   John van Loben Sels (SBN 201354)
    jvanlobensels@fishiplaw.com
3   Jennifer Shih (SBN 276225)
    jshih@fishiplaw.com
4   FISH IP LAW, LLP
    2603 Main Street, Suite 1000
5   Irvine, California 92614
    Telephone:   (949) 943-8300
6   Facsimile:   (949) 943-8358

7   *Attorneys for Defendant*

8

9                **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11   DENNIS FUGNETTI,                      Case No.: 8:19-cv-00847-CJC (DFMx)

12                        Plaintiff,

13   v.                                    **NOTICE OF MOTION AND
                                           MOTION TO SUBSTITUTE
14   BIRD B GONE, INC.; and DOES 1-10,     ALANA FUGNETTI AS CROSS-
     inclusive,                            DEFENDANT**
15
                         Defendant         Honorable Cormac J. Carney
16                                         Time: 1:30 p.m.
17                                         Date: September 21, 2020
18
19
20
21
22
23
24
25
26
27
28

                        MOTION TO SUBSTITUTE

TO ALL PARTIES AND THEIR ATTORNESY OF RECORD:

PLEASE TAKE NOTICE that on September 21, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Cormac J. Carney of the above titled court, located at Courtroom 9B of the Ronald Reagan Federal Building and United States Courthouse at 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant Bird-B-Gone ("Defendant" or "BBG") will move for an Order to substitute Alana Fugnetti as Cross-Defendant pursuant to Federal Rules of Civil Procedure 25(a)(1).  BBG also reserves the right to add Katie Fugnetti as Cross-Defendant to the extent that she is a named trustee of any trust purporting to own and assert an ownership interest in the copyright for Mr. Dennis Fugnetti's Flying Pigeon Image.

This Motion is based on this Notice of Motion, the attached memorandum of points and authorities, files and other materials that are on file with the Court or may be presented at the hearing.  The parties met and conferred regarding this motion on June 24, 2020.  Declaration of Jennifer Shih ("Shih Decl."), ¶3.


Dated: August 24, 2020          FISH IP LAW, LLP


                                 */s/ John van Loben Sels*
                                 John van Loben Sels
                                 Attorneys for Defendant, BIRD-B-GONE, INC

## MEMORANDUM OF POINTS AND AUTHORITIES

Through this motion, Defendant Bird-B-Gone ("Defendant") or ("BBG") requests that the Court substitute Plaintiff Dennis Fugnetti's wife, Alana Fugnetti, as the new Cross-Defendant ("Fugnetti"). BBG also reserves the right to add Mr. Fugnetti's daughter, Katie Fugnetti, as a Cross-Defendant to the extent that she is named as the trustee for any trust asserting an ownership interest in the copyright for Mr. Fugnetti's Flying Pigeon Image photograph.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2019, Plaintiff Dennis Fugnetti filed a complaint alleging copyright infringement of a picture of pigeon "Flying Pigeon Image" that BBG commissioned. Dkt. 1.The Honorable Judge Guilford previously stated that in an order that he "is concerned about the vigorous activity in this case compared to the small amounts involved in a dispute about a single ***unremarkable*** photograph of a rather limited value." ECF 42 at 1 (emphasis added).

On October 1, 2019, BBG filed a first amended answer and counterclaims for breach of contract and breach of non-exclusive license against Mr Fugnetti personally. Dkt. 32. Following Plaintiff's second motion to strike BBG's counterclaims, BBG's counterclaim for breach of non-exclusive license survived. Dkt. 42. BBG's counterclaim alleges that with the purchase of the Flying Pigeon Image, Mr. Fugnetti granted BBG an unrestricted oral, non-exclusive license to the Flying Pigeon Image. Dkt. 42, ¶49. At the time he sold and licensed the Flying Pigeon Image to BBG, Mr. Fugnetti never indicated expressly or implicitly that there was a limitation in scope of any sort in how BBG could use the Flying Pigeon Image. *Id*., ¶50. As a direct result of Mr. Fugnetti's actions in violating the terms of the non-exclusive license, BBG has suffered monetary, competitive, and irreparable harm. Id., ¶55.

On or about May 20, 2020, Defendant learned of Plaintiff's death which occurred in or about January of 2020.

1    For five months Plaintiff's counsel inexplicably and inexcusably withheld
2    information concerning Plaintiff Fugnetti's death from the Court and from
3    Defendant.  Critically, Plaintiff's counsel never informed BBG or the Court
4    regarding any of the relevant details of Mr. Fugnetti's death, his estate, or how
5    and to whom Mr. Fugnetti's ownership interest in the copyright for the Flying
6    Pigeon Image passed under California law.  In response to counsel's belated, bare
7    bones email announcement of Mr. Fugnetti's death, Defendant wrote to call out a
8    number of fundamental problems with counsel's deliberate withholding of this
9    critical fact, not the least of which being counsel's ethical obligation to timely
10   inform the Court.

11          On May 26, 2020, Defendant filed a Notice of Suggestion of Death.  Dkt.
12   54.  Following that notice, on June 12, 2020, the Court issued an order
13   concerning Mr. Fugnetti's death.  ECF 56.  In its order the Court admonished that
14   "Plaintiff has apparently continued to litigate this case after Mr. Fugnetti's death,
15   without timely notifying he parties and the Court, and without substituting a
16   representative of Plaintiff's estate."  Dkt. 56 at 2.  The Court ordered the parties
17   to meet and confer regarding any planned substitution for Mr. Fugnetti as a party
18   in the case.  Notwithstanding this fact, Plaintiff's counsel failed to provide
19   Defendant's counsel with any of the basic information needed to meaningfully
20   confer about his planned motion, and failed to provide sufficient information for
21   Defendant to determine whether it must bring its own separate motion to
22   substitute a new party to serve as counterclaim defendant in this case.  For
23   example, during the party's meet and confer, Plaintiff's counsel stated that he
24   believed "the wife inherited everything", but provided no factual or legal basis
25   for that conclusion.  Shih Decl. ¶3.  Further, counsel refused to provide a copy of
26   any will or trust instrument by which such a succession may have taken place.
27   *Id*.

28          Next, Plaintiff's counsel indicated that his plan was to create a new trust;

one whose only purpose was to hold the Flying Pigeon Image copyright and to assert that right in this case.  Counsel indicated that he planned to bring a motion seeking to substitute this newly-created trust for Mr. Fugnetti as plaintiff.  The trust would have no other assets and no other purpose.  However, counsel refused to provide Defendant's counsel with a copy of the trust instrument and failed to identify any trustees or beneficiaries of this new trust.  For these reasons and under these circumstances, it is impossible for Defendant to agree to counsel's planned substitution motion.  Even if the Court were to permit Plaintiff's counsel to substitute this new trust as plaintiff in the case, Defendant could not agree that the trust could also serve as counterclaim defendant.  This is because the trust will have no assets from which Defendant could enforce a judgment in its favor at the end of the case.  Obviously, this is the intention of Plaintiff's counsel: create a situation where his client (Mr. Fugnetti's estate) can benefit if plaintiff's claims succeed, and no danger from an adverse judgment if he loses.

Contrary to what Plaintiff's counsel suggested during the parties' meet and confer session, the foregoing is ***not*** a result Mr. Fugnetti could have achieved for himself in life. That is, Mr. Fugnetti could not have simply transferred his ownership interest in the Flying Pigeon Image to a trust (after filing the complaint in this case), and then substitute the trust for himself as a party.  This is because Mr. Fugnetti personally was the counterclaim defendant in the case.  In life, Mr. Fugnetti could not have insulated himself and his assets from an adverse judgment by simply creating an empty trust to serve as plaintiff.  Mr. Fugnetti's estate and its representatives cannot accomplish this result after Mr. Fugnetti's death.

On June 26, 2020, the parties filed a joint status report.  Dkt. 57.  In the report, Plaintiff's counsel stated that he would have until August 24, 2020, to file his motion for substitution.  *Id*.  In the report BBG indicated that it would bring a motion to substitute a party if it received evidence that Mrs. Fugnetti succeeded

MOTION TO SUBSTITUTE

to all of Mr. Fugnetti's rights and responsibilities in this case. *Id.* at 7.

Since the parties' joint filing and notwithstanding multiple written requests, Plaintiff's counsel refused to produce any documents or other evidence related to his plan to substitute a third party (whether a trust or any live person) in place of Mr. Fugnetti.  Plaintiff's counsel responded that such documents would be produced in "due course."   However, no such documents were ever produced.

During the parties' meet and confer call, Plaintiff's counsel described his plan to substitute out Mr. Fugnetti as plaintiff by creating a trust to hold Mr. Fugnetti's affirmative rights in the case. However, Plaintiff's counsel was unable or unwilling to share the new trust documents with Defendant's counsel.  As of the date of this filing, Plaintiff's counsel has not produced any trust documents notwithstanding BBG's multiple requests. Shih Decl., ¶¶4,5. Plaintiff's counsel was also unable or unwilling to inform Defendant whether this new trust would hold other assets sufficient to satisfy an adverse judgment in BBG's favor.  The net result of counsel's plan is to bring a motion (at some point) seeking to substitute a newly created asset-free trust as the new plaintiff and counterclaim defendant.

The status report was the first time that Plaintiff's counsel identified Mr. Fugnetti's daughter, Katie Fugnetti, as being "authorized" to make litigation decisions on behalf of Mr. Fugentti.  Plaintiff's counsel has produced no documents corroborating this assertion.  It is possible that following Mr. Fugnetti's death that Katie Fugnetti is the person who inherited Mr. Fugnetti's copyright and other assets, and it is possible Katie Fugnetti with be the trustee responsible for asserting the copyright in this case.  If that is the case, Katie Fugnetti will be responsible for causing BBG's damages going forward and BBG will need to seek leave to add Katie Fugnetti as a counterclaim defendant in the case as well.

MOTION TO SUBSTITUTE

## II.   ARGUMENT

### A.  Standard of Review

"Decisions on the motion for substitution are within the trial court's discretion." *McKenna v. Pacific Rail Serv.,* 32 F.3d 820, 836 (3d Cir.1994). Federal Rule of Civil Procedure 25(a)(1) provides the following:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

*See* FED. R. CIV. P. 25(a)(1). "Rule 25(a)(1) is merely a formula used to facilitate the closing of a decedent's estate within a reasonable time." *See In re Baycol Products Litig.,* 616 F.3d 778, 785 (8th Cir.2010).  Lastly, 17 U.S.C. §201(d)(1), states that "[t]he ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession."

### B.  This Court Should Find That the Claim Is Extinguished By Death Of Fugnetti

In its Order, the Court stated it "has no reason to believe that Plaintiff's counsel has any authority to act on behalf of Mr. Fugnetti's estate. *See Deiter v. Kiser*, 158 Cal. 259, 262 (1910) (death of client terminates counsel's authority to act on his behalf)."  Dkt.56 at 2.  The Court also noted that "counsel for Plaintiff does not acknowledge Mr. Fugnetti's death in the June 2020 substitution and motion."  *Id*.  Indeed, Plaintiff's counsel has not only not acknowledged Mr.

Fugnetti's death, but has also refused to produce any documents related to Mr. Fugnetti's intestate succession.

Although, under 17 U.S.C. §201(d)(1), the ownership of a copyright **may** be transferred in whole or in part by will or pass as personal property, Plaintiff's counsel has produced no such documentation that the ownership in the Flying Pigeon Image has been properly transferred to any live person or to any entity. *See* 17 U.S.C. §201(d)(1)(emphasis added). Only the "legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement." *See* 17 U.S.C. §501(b).  Because Plaintiff has not established proper standing, BBG respectfully requests the Court extinguish the claim of copyright infringement. BBG reserves the right to bring a motion to dismiss if Plaintiff substitutes a third-party with no standing.

### C.  Plaintiff Cannot Substitute An Unspecified, Empty New Trust As Counterclaim Defendant

Plaintiff's counsel has only described his plan to substitute out Mr. Fugnetti as plaintiff by creating an empty trust to hold Mr. Fugnetti's affirmative rights in the case.  However, Plaintiff's counsel is unable or unwilling to share the new trust documents with BBG's counsel.  The net result is Plaintiff's counsel plans to improperly bring a motion seeking to substitute a newly created asset-free trust as the new plaintiff and counterclaim defendant.

However, Mr. Fugnetti could not have transferred his ownership interest in the Flying Pigeon Image to a trust and then substitute the trust for himself as a party.  This is because Mr. Fugnetti was personally named as a counterclaim defendant in the case, and he was personally liable to BBG for the damages he caused as a result of his breach of the contract with BBG.  In life, Mr. Fugnetti could not have insulated himself and his assets from an adverse judgment by simply creating an empty trust to serve as plaintiff.  This Court must not allow Mr. Fugnetti's estate and its representatives cannot accomplish this result after

1    Mr. Fugnetti's death.

2

3        **D.  In The Alternative, This Court Must Name Alana Fugnetti And/Or**

4            **Katie Fugnetti As Successors To Dennis Fugnetti**

5            Should this Court not find that the copyright infringement claim is

6    extinguished by the death of Mr. Fugnetti, BBG respectfully requests that this

7    Court order substitution of the correct party as Cross-Defendant.  This Court may

8    order substitution of the decedent by a "proper party."  *See Hilao v. Estate of*

9    *Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).  An executor or administrator, or

10   distributee of a distributed estate are proper parties for substitution of a deceased

11   party. *See Sinito v. U.S. Dept. of Justice,* 176 F.3d 512, 516 (D.C.Cir.1999). A

12   court may order substitution of the proper legal representative (e.g., executor).  *See*

13   *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO,

14   2002 WL 32388132, at *2 (E.D. Cal. June 3, 2002)**.**  "Generally, the deceased's

15   legal representative (e.g., executor or administrator) is the proper party to be

16   substituted. However, once the estate has been distributed, distributees are also

17   proper parties for substitution." *Id.*

18           According to Plaintiff's counsel, Dennis Fugnetti's wife, Mrs. Fugnetti,

19   "inherited everything", including any rights Mr. Fugnetti had in his copyright, and

20   any obligations Mr. Fugnetti had with respect to the license BBG has to use the

21   Flying Pigeon Image.  However, Plaintiff's counsel repeatedly refused to provide

22   any documents backing this claim, and to this date has persisted in that refusal.

23   Shih Decl., ¶¶4,5.  At the same time, Plaintiff's counsel also indicated that Katie

24   Fugnetti was authorized to make legal decisions on behalf of Mr. Fugnetti.

25   However, just as with Mrs. Fugnetti, Plaintiff's counsel provided no documents or

26   other evidence regarding the role Katie Fugnetti had or will have going forward

27   and what the legal basis is for such an assertion.  As a result, this Court has

28   authority to substitute Mrs. Fugnetti and/or Katie Fugnetti as the proper legal

representative(s) once Plaintiff's counsel has produced the requested documents.

**III.    CONCLUSION**

Pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, it is hereby requested that Mrs. Fugnetti and/or Katie Fugnetti be substituted in place of Dennis Fugnetti as counter defendant in this action, so the action on his behalf may proceed.


Dated: August 24, 2020                FISH IP LAW, LLP


                                             */s/ John van Loben Sels*
                                             John van Loben Sels
                                             Attorneys for Defendant, BIRD-B-GONE, INC

MOTION TO SUBSTITUTE

1
2

## CERTIFICATE OF SERVICE

3
4
5

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on August 24, 2020.

6
7
8
9

**Respectfully submitted,**

**FISH IP LAW, LLP**

10
11

Dated: August 24, 2020            */s/ John van Loben Sels*

John van Loben Sels

Attorneys for Defendant, BIRD-B-GONE, INC.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE