Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

Attorney for
DENNIS FUGNETTI PHOTOGRAPHY TRUST

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DENNIS FUGNETTI PHOTOGRAPHY TRUST,

Plaintiff,

v.

BIRD B GONE, INC.; and DOES 1-10, inclusive,

Defendant.

Case No.: 8:19-cv-00847-CJC-DFM

**NOTICE OF MOTION AND MOTION TO SUBSTITUTE THE PLAINTIFF**

Judge: Hon. Cormac J. Carney
Courtroom: 9-B
Hearing Date: Sept. 28, 2020
Hearing Time: 1:30 p.m.

Complaint filed May 6, 2019

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2019 at 1:30 P.M., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Cormac J. Carney of the above-titled court, located at Courtroom 9-B, of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, CA 92701-4516, the Dennis Fugnetti Photography Trust will move for an Order substituting itself in as the Plaintiff in this action.

This Motion is brought on the grounds that the Dennis Fugnetti Photography Trust is the only person or entity with standing to maintain this infringement suit, and therefore is the proper entity to be substituted in as the Plaintiff in this action.

This Motion is based on this Notice of Motion, the attached memorandum of points and authorities, the declarations of Ryan E. Carreon and Alana J. Fugnetti in support, and the pleadings, files and other materials that are on file with the Court

or may be presented at the hearing. Prior to the filing of this Motion, counsel for the parties met and conferred pursuant to Local Rule 7-3. Carreon Decl. ¶¶11-12.

DATED: August 31, 2020

Respectfully submitted,

**/s/ *Ryan E. Carreon***
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
(714) 617-8325
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a copyright infringement action. Dennis Fugnetti was a professional photographer and graphic designer who created an original photograph of a pigeon landing with its wings expanded ("Flying Pigeon Image"). Complaint, Dkt. #1 ("Complaint"), ¶¶8-10; *see also* Amended Counterclaim, Dkt. #32[1] ("Amended Counterclaim"), ¶¶11-12, 15. Defendant Bird B Gone ("BBG") manufactures and sells various bird and pest deterrent products including a set of stainless steel bird spikes which can be placed on roofs, signage, and other surfaces as a deterrent to prevent birds from landing. Complaint ¶¶11-13; Amended Answer, Dkt. #32 ("Amended Answer") ¶¶12-13; Amended Counterclaim ¶9.

### A. Brief Procedural History

In the mid 90s BBG engaged Fugnetti to perform graphic design work on a project-by-project basis as an independent contractor for certain marketing projects. Complaint ¶¶14-15; Amended Answer ¶¶14-15; Amended Counterclaim ¶10. As part of his work for BBG, Fugnetti incorporated his Flying Pigeon Image into a series of sales and educational materials explaining BBG's products that BBG typically distributed at tradeshows and seminars. Complaint ¶16-17, Exhibit B.

Because Fugnetti worked on a project-by-project basis for BBG, Fugnetti did not license the Flying Pigeon Image to BBG outside the scope of the materials created by Fugnetti for each individual project during the time of his engagement. *See* Complaint ¶¶61-63. BBG was only licensed to use the Flying Pigeon Image as incorporated into the materials Fugnetti created and delivered to BBG. *Ibid.*

In the early 2000s, BBG ended its relationship with Fugnetti. Complaint ¶18, Amended Counterclaim ¶24. Unbeknownst to Fugnetti, on December 3, 2003,

[1] BBG's Amended Answer and Amended Counterclaim are both contained in the same document filed as Docket #32. However, both are separately labeled and contain consecutively number paragraphs beginning with paragraph 1. As such, the citations in this Motion will refer to both documents separately.

BBG applied for a trademark for the Flying Pigeon Image ("Trademark") and began incorporating the Flying Pigeon Image Trademark into a wide variety of product packages and labels. Complaint ¶¶53-56, Exhibit K; Amended Counterclaim ¶34. Not only was this subsequent use of the Flying Pigeon Image done without Fugnetti's knowledge or permission, but it was completely outside the scope of the materials created by Fugnetti during his engagement with BBG. Complaint ¶¶56-58.

After becoming aware of BBG's use of the Flying Pigeon Image, on May 6, 2019 Fugnetti filed the instant lawsuit against BBG alleging a claim for copyright infringement.

On June 28, 2019, BBG filed its Answer to Fugnetti's Complaint and various counterclaims, including an alleged breach of an implied license supposedly granted by Fugnetti to BBG to use the Flying Pigeon Image. Dkt. #14. On July 19, 2019, Fugnetti filed a Special Motion to Strike the pursuant to the California Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. Dkt. #18.

On September 19, 2019, the Court granted Fugnetti's Anti-SLAPP motion in part, striking three of the four Counterclaims asserted by BBG. Dkt. #31. On October 1, 2019, BBG filed an Amended Answer and Amended Counterclaims. Dkt. #32. Fugnetti against moved to strike pursuant to the California Anti-SLAPP statute. Dkt. #33. On November 19, 2019, the Court granted Fugnetti's second Anti-SLAPP and also awarded Fugnetti attorneys' fees. Dkt. #42.

In its rulings, the Court left intact BBG's Counterclaim for Breach of Non-Exclusive License. Dkt. #31, 42.

**B. Fugnetti's Unexpected Passing**

Prior to his dealings with BBG, in 1990, Dennis Fugnetti and his wife Alana Fugnetti formed The Dennis M. Fugnetti and Alana J. Fugnetti Trust ("Family Trust") to manage their assets. Declaration of Alana J. Fugnetti ("Fugnetti Decl.") ¶ 3. Alana Fugnetti presently maintains complete discretion to manage and

distribute any and all assets contained in the Family Trust.

In January of 2020, Dennis Fugnetti passed away suddenly. Prior to his death, in 1991, Dennis Fugnetti executed his last will and testament ("Will") which remained in effect through his passing. Fugnetti Decl. ¶¶ 5-6, Exhibit A. Under Articles 4 and 5 of his Will, Dennis Fugnetti left all of his property to either the Family Trust or to his wife Alana. Fugnetti Decl. ¶ 7, Exhibit A. No other individual or entities were named in the Will as heirs, and no other individuals or entities inherited any property under the Will. Fugnetti Decl. ¶ 8, Exhibit A.

On May 26, 2020, BBG filed a notice of death pursuant to Federal Rules of Civil Procedure 25. Dkt. #54. On June 24, 2020, the parties met and conferred regarding the substitution of a new plaintiff. Fugnetti's counsel stated that it was his understanding that Dennis Fugnetti's widow had inherited everything, and that the family intended to form a trust containing Fugnetti's photography assets and that the newly formed trust would be substituted in as the Plaintiff. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶ 5. Counsel also indicated that the documents would be provided to BBG once they were finalized. Carreon Decl. ¶ 6; *see also* Dkt.#26.

On August 3, 2020, BBG served the notice of death on Alana Fugnetti and her daughter Katie. Carreon Decl. ¶¶ 15-18, Exhibit C.

On August 21, 2020 Alana Fugnetti formed the Dennis Fugnetti Photography Trust ("Photography Trust") to manage her late husband's photography assets and as a legacy to his lifetime of work. Fugnetti Decl. ¶ 10, Exhibit B.

Due to the terms of the Will, either, the rights to the Flying Pigeon Image passed either to Alana Fugnetti individually or to the Family Trust. Fugnetti Decl. ¶ 10, Exhibit A. On August 21, 2020 Alana Fugnetti executed a quitclaim deed on behalf of herself and the Family Trust assigning all rights to the Flying Pigeon Image to the Photography Trust. Fugnetti Decl. ¶ 16, Exhibit C.

## II. THE PHOTOGRAPHY TRUST IS THE ONLY PARTY, WHICH CAN BE SUBSTITUTED IN AS THE PLAINTIFF IN THIS ACTION.

### A. This Motion Is Timely Brought Under Rule 25(a)(1).

Before a statement of death becomes effective, certain procedural rituals must be observed. *See* Fed. R. Civ. P. 25(a)(1). Specifically, Rule 25(a)(1) "requires two affirmative steps in order to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The first step is to formally suggest the death of the party upon the record. *Ibid.* The second step is to serve other parties *and nonparty successors or representatives of the deceased* with a statement of death pursuant to Rule 4 of the Federal Rules. *Ibid.* (emphasis added).

Here, it is not disputed that BBG filed a notice of death on the record on May 26, 2020. Dkt. #54. During a subsequent meet and confer call about substituting in a new plaintiff, Fugnetti's counsel informed BBG's counsel that it was his understanding that Fugnetti's widow had inherited all of Dennis Fugnetti's assets. Carreon Decl. ¶5. Indeed, BBG acknowledged this in its portion of the Joint Report that was filed discussing the substitution. *See* Dkt. #57, p. 6. BBG did not serve the notice of death on Alana Fugnetti[2] until August 3, 2020. Carreon Decl. ¶¶ 15-18, Exhibit C. Thus, the 90-day window was triggered on August 3, 2020.

Because the instant Motion was filed on August 31, 2020, only 28 days after service of the notice of death on Alana Fugnetti, the Motion is timely.

### B. Fugnetti's Infringement Claim Was Not Extinguished.

Under the Copyright Act a copyright holder to an original work of authorship is granted a number of exclusive rights. *See* 17 U.S.C. § 106. Any violation of these exclusive rights gives rise to a claim for infringement. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) ("The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights" under 17 U.S.C. § 106.) The Copyright Act states that the

---

[2] BBG also served the notice of death on Dennis Fugnetti's daughter Katie.

copyright in an original work of authorship "endures for a term consisting of the life of the author and 70 years after the author's death." 17 U.S.C. § 302(a). Thus, it follows that if the term of a copyrighted work endures beyond an author's death, so to must the ability to enforce the excusive rights of a copyright by way of an infringement claim.

Here, although Dennis Fugnetti died in 2020, the Copyright Act explicitly contemplates that the rights to his Flying Pigeon Image would endure for an additional 70 years, or until the year 2090. Thus, because Fugnetti's copyright in the Flying Pigeon Image endures beyond his death, so to does the claim for infringement of the Flying Pigeon Image originally asserted in this suit by Fugnetti and against BBG.

### C. The Photography Trust Is The Only Entity That Has Standing.

Only "[t]he legal or beneficial owner of an exclusive right under a copyright" is entitled to bring a claim for infringement. 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) (en banc) (holding that, under § 501, only a party with an ownership interest has standing to sue). A transfer of copyright ownership is valid if the transfer "is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

Here, under the terms of the Will Dennis Fugnetti's rights to the Flying Pigeon Image passed either to the Family Trust or to Alana Fugnetti individually. Fugnetti Decl. ¶¶ 7-8, 13, Exhibit A. Indeed, as both the Family Trust and Alana Fugnetti were the only heirs named in the Will, the rights to the Flying Pigeon Image could *only* have passed to one of those parties. As such, on August 21, 2020, Alana Fugnetti, acting both in her personal capacity and as the authorized agent of the Family Trust, transferred all rights to the Flying Pigeon Image to the Photography Trust. Fugnetti Decl. ¶¶ 3-4, 10, 13-14, Exhibit C.

Thus, as of August 21, 2020 the Photography Trust is the sole owner to all

rights in the Flying Pigeon Image, is the only entity capable of enforcing the rights to the Flying Pigeon Image, and is the only entity that would have standing to continue this lawsuit for infringement of the Flying Pigeon Image.

In its sole remaining Counterclaim for Breach of Implied Contract, BBG alleges that Dennis Fugnetti allegedly "breached his non-exclusive license with BBG concerning BBG's use of the Pigeon Image when he sued BBG for copyright infringement." Counterclaim ¶ 54. Because the alleged "breach" that occurred is inextricably tied to the underlying ownership of the rights to the Flying Pigeon Image at issue and the subsequent infringement claim brought by Dennis Fugnetti, as owner of the rights to the Flying Pigeon Image and the only person or entity with standing to sue, the Photography Trust would likewise be the only party against whom BBG can assert its Counterclaim.

In addition, as part of the transfer, the Photograph Trust is also the owner of the rights to "any license agreements or contracts" related to the Flying Pigeon Image. *See* Fugnetti Decl., Exhibit C. Thus, to the extent that the Family Trust or Alana Fugnetti might have been an appropriate party at one time, any rights to the alleged non-exclusive license that forms the basis of BBG's Counterclaim were transferred to the Photography Trust.

In conclusion, The Photography Trust has brought a timely Motion to Substitute. Because Dennis Fugnetti's infringement claim against BBG was not extinguished upon his death, and because the Photography Trust is the sole rights holder to the Flying Pigeon Image and only entity with standing to maintain an infringement action, the Motion must be granted and the Photography Trust must be substituted in as the Plaintiff in this action.

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

The Dennis Fugnetti Photography Trust respectfully requests that the Court Grant its Motio and substitute it in as the Plaintiff to this action.

Dated: August 31, 2020

Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On August 31, 2020, I caused to be served the foregoing documents:

**NOTICE OF MOTION AND MOTION TO SUBSTITUTE THE PLAINTIFF; DECLARATION OF RYAN E. CARREON; DECLARATION OF ALANA J. FUGNETTI**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Robert D. Fish
rfish@fishiplaw.com

John D. van Loben Sels
jvanlobensels@fishiplaw.com

Jennifer J. Shih
jshih@fishiplaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 31, 2020, at Santa Ana, California.

**/s/ Ryan E. Carreon**
Ryan E. Carreon