1  Mathew K. Higbee, Esq. SBN 241380
   Ryan E. Carreon, Esq., SBN 311668
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8336
4  (714) 597-6559 facsimile
   mhigbee@higbeeassociates.com
5  rcarreon@higbeeassociates.com

6  *Attorney for Plaintiff,*
   DENNIS FUGNETTI PHOTOGRAPHY TRUST
7

8              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9

10 DENNIS FUGNETTI PHOTOGRAPHY  | Case No.: 8:19-cv-00847-CJC-DFM
   TRUST,
11                             | **DECLARATION OF ALANA J.**
              Plaintiff,        | **FUGNETTI**
12
   v.
13
   BIRD B GONE, INC.; and DOES 1-10,
14 inclusive,
15
              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

              **DECLARATION OF ALANA J. FUGNETTI**
                              i

## DECLARATION OF ALANA J. FUGNETTI

I, Alana J. Fugnetti, declare as follows:

1.     I am over the age of 18 years old. I have personal knowledge of all matters stated herein, and if called as a witness, I could and would competently testify thereto.

2.     I am the wife of photographer Dennis Fugnetti, who brought this lawsuit against Bird B Gone.

3.     In 1990, Dennis and I formed the The Dennis M. Fugnetti And Alana J. Fugnetti Trust ("Trust") to manage our assets.

4.     Currently, I retain sole discretion to manage and distribute any and all assets contained in the Trust.

5.     In 1991, Dennis executed his last will and testament ("Will").

6.     This Will remained in effect until Dennis' passing in January of this year.

7.     Under Articles 4 and 5 of his Will, Dennis left all of this property to either the Trust or to me in my personal capacity.

8.     No other individuals or entities were named in the Will as heirs, and no other individuals or entities inherited any property under the Will.

9.     Attached hereto as Exhibit 1 is a true and correct redacted copy of the Will. I have redacted portions of the Will not relevant to the distribution of the estate assets for privacy reasons, however I would be willing to submit an unreacted version in camera for the Court to review if necessary.

10.     On August 5, 2020 I formed the Dennis Fugnetti Photography Trust to manage my late husband's photography assets and as a legacy to his lifetime of work.

11.     I have been aware of this lawsuit since its inception and I fully supported my husband in bringing it, and I support the continuation of these claims against Bird B Gone.

12.    I am also aware that the subject photograph of this lawsuit is a photograph taken by my husband of a flying pigeon ("Photo") and registered the Photo with the United States Copyright Office under registration VAu 1-349-636 ("Registration").

13.    Due to the terms of the Will, the rights to the Photo either passed to me individually or to the Trust.

14.    On August ___, 2020, I caused that all rights to the Photo and Registration to be transferred to the Dennis Fugnetti Photography Trust as one of the trust assets.

15.    Attached hereto as Exhibit B is a true and correct copy of the formation document of the Dennis Fugnetti Photography Trust.

16.    Attached hereto as Exhibit C is a true and correct copy of the Quit Claim Copyright Assignment, assigning all rights to the Photo and Registration to Dennis Fugnetti Photography Trust.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August _21_, at Yorba Linda, California.

Alana J. Fugnetti

DECLARATION OF ALANA J. FUGNETTI

2

# Exhibit "A"

# Last Will and Testament

### OF

### DENNIS M. FUGNETTI

I, Dennis M. Fugnetti, a resident of Orange County, California, declare this to be my Last Will and Testament and revoke all former Wills and Codicils.

### ARTICLE 1

1.1     I declare that I am married and that my wife's name is **Alana Jane Fugnetti** and all references in this Will to my "wife" are to her.

1.2     I have two (2) natural children from this marriage whose names and dates of birth are:

Kathryn Denise Fugnetti

Vincent Alan Lucky Fugnetti

1.3     I have no deceased children. As used in this will, the terms "child" or "children" shall include any person or persons hereafter born to or adopted by me.

### ARTICLE 2

2.1     I confirm to my wife her interest in our community property and her expectant interest in my quasi-community property, if any. I intend by this Will to dispose of all my separate property, if any, my one-half interest in our community property, if any, and one-half of my quasi-community property, if any.

### ARTICLE 3

## ARTICLE 4

4.1    I give all my jewelry, clothing, household furniture and furnishings, personal automobiles, and other tangible articles of a personal nature, or any interest in any such property, not otherwise specifically disposed of by this Will or in any other manner, together with any insurance on such property, to my wife if she survives me for thirty (30) days. If she does not, to my then living children in equal shares, share and share alike, by right of representation.

## ARTICLE 5

5.1    I give all the rest and residue of my estate to the successor Trustee of the trust designated as "THE DENNIS M. FUGNETTI AND ALANA J. FUGNETTI TRUST," dated _____, 1990, of which my wife and I are Trustors, and I direct that the residue of my estate shall be added to, administered and distributed as part of that Trust, according to the terms of that Trust on the date of my death, giving effect to any amendments made to it prior to the date of my death.

5.2    If for any reason the disposition in this Article 5 is not operative or is invalid or if the Trust referred to in this Article 5 fails or has been revoked, then I hereby incorporate by reference the terms of said Trust on the date of its execution, without giving effect to any subsequent amendments thereto, and I give the residue of my estate to the successor Trustee named in said Trust to be held, administered and distributed as therein provided.

## ARTICLE 6



## ARTICLE 7





ARTICLE 8



ARTICLE 9

ARTICLE 10

ARTICLE 11



## ARTICLE 12

## ARTICLE 13

## ARTICLE 14



I subscribe my name to this Will this 22 day of ___May___, 1991, at
___Irvine___, California.

Dennis M. Fugnetti

On the date above written Dennis M. Fugnetti declared to us, the undersigned, that the foregoing instrument, consisting of six (6) pages, including this page signed by us as witnesses, was his Last Will and Testament and requested us to act as witnesses to it. He thereupon signed this last Will and Testament in our presence, all of us being present at the same time. We now, at his request, in his presence, and in the presence of each other, subscribe our names as witnesses.

We declare under penalty of perjury that the foregoing is true and correct.

Executed  on  the  22ND  day  of  MAY_____, 1991,  at
___Irvine___, California.

_____ residing at

_____ residing at

F:FUGNETTI.POUROVER.H                          -6-

# Exhibit "B"

## Dennis Fugnetti Photography Trust

---

This Irrevocable Trust dated _____ of August 2020, by and between:

### GRANTOR

Ms. Alana Fugentti with a mailing address of 5500 Paseo Joaquin, Yorba Linda, CA (referred to as the "Grantor,") and

### TRUSTEE

Ms. Kathryn Fugnetti with a mailing address of 5500 Paseo Joaquin, Yorba Linda, CA (referred to as the "Trustee,").

The Trustee agrees to hold any property transferred to this Trust, from whatever source, in trust for benefit of the Grantor under the following terms:

**Article 1.** <u>Name of the Trust</u>: This Trust shall be known as the "Dennis Fugnetti Photography Trust" hereinafter known as the "Trust."

**Article 2**. <u>Transfer of Property</u>: On the date set forth above, the Grantor transferred to the Trust Estate and assets described in Attachment A which is attached and incorporated into the Trust. Attachment A is for reference only, and any property transferred to the Trust formally or informally, but not listed on Attachment A, is also part of the Trust. All property transferred to the Trust formally or informally, together with the investments and reinvestments, as well as any income earned is sometimes collectively referred to herein as the "Trust Estate". All property transferred to or deposited with the Trustee shall be held by it in trust for the uses and purposes stated herein.

**Article 3**. <u>Life of the Grantor</u>: During the life of the Grantor, the Trustee shall hold, manage, and administer the Trust Estate, dispose of the net income and principal. The Trustee may pay to the benefit of the Grantor any part of the net income and principal as the Trustee deems advisable, with full power to accumulate any income not paid and to hold such income and property for later use. The Trustee is authorized to use any part or all of the net income and principal for the benefit of the Grantor as the Trustee deems advisable, with full power to accumulate any income not paid and to hold for future use or to add to the principal.

**Article 4**. <u>Death of the Grantor</u>: Upon the death of the Grantor, except as otherwise set forth below, the Trustee shall hold, administer and dispose of the Trust Estate as follows:

A. <u>Specific Distributions</u>: To grant the following property, in whole, to the specified individuals or organizations: All photographs and associated copyrights shall go Kathryn Fugnetti. All income from any sources, including, but not limited to royalties, subscriptions, sales, judgments, and settlements shall go to Kathryn Fugnetti. All other assets shall go to Kathryn Fugnetti. If Kathryn Fugnetti is no longer living, then all distributions shall go to

**Beneficiary #1**

Name: Vincent Fugnetti

Last 4 of Social Security or Tax ID Number: XXX - XX - 1552

Address: 5500 Paseo Joaquin, Yorba Linda 92886

B. <u>Failure of All Beneficiaries</u>: In the event of the failure of all Beneficiaries, then the Trustee shall transfer the Trust Estate, discharged of the Trust, to the person or persons who would be entitled to inherit from Grantor under the laws of the State of California as unmarried, intestate and domiciled in that State, and possessed only of the property to be distributed.

C.  Distribution to Any Person Who is Under the Age of 18: If distribution is to be made to any person who is under eighteen (18) years of age and who is not then a Beneficiary of any portion of the Trust Estate under any provision of the Trust, the Trustee may make the distribution free of all trusts to the minor, to a parent of the minor for the minor's benefit, or to a custodian designated by the Trustee for the minor, and that distribution shall represent a complete discharge of the Trustee.

**Article 5**. Payment of Death Taxes, Administration Expenses, Etc.: Upon the death of the Grantor, the following shall be applicable:

A. The Trustee shall pay all or any portion of any of the funeral expenses, expenses of administration, debts, taxes (including estate, inheritance or similar taxes arising by reason of the Grantor's death), interest, penalties and legacies that the legal representative of the Grantor's estate may, in accordance with the Grantor's Will, certify in writing to the Trustee.

B. In the event the assets of the Grantor's residuary probate estate shall be insufficient to pay for the Grantor's funeral expenses, expenses of administration and all Federal and State taxes in the nature of estate, inheritance or like taxes, such obligations shall be paid by the Trustee to the extent that they exceed said residuary probate estate assets.

C. In making any payments under this Article, the Trustee may rely on any certificate of the legal representative of the Grantor's estate as to the amount of said payment and the person to whom it is to be paid.

**Article 6**. Estate of Grantor: Notwithstanding the instructions in Article 4 with respect to the distribution of income and principal, the Trustee is authorized in its discretion to use the income

and principal of the Trust, from time to time as follows:

A. To purchase and to retain as investments any securities or other property, real or personal, belonging to the estate of the Grantor.

B. To make loans or advances to the personal representative of the estate of the Grantor on such reasonable terms as it deems advisable.

C. The Trustee is not obligated to see to the application of any funds paid over to the estate of the Grantor.

**Article 7**. Trustee Powers: As an extension and not a limitation of all common law and statutory authority, and except where in conflict with any other provision in the Trust, the Trustee shall have the following powers and authority:

A. To accept and receive property, real or personal, from the Grantor, from the Grantor's estate or from any other estate, trust or person, and to hold the same as a part of the Trust.

B. To collect income, interest, dividends, rents and profits.

C. To retain any part or all of the property, real or personal, received to be held in trust hereunder in the form of investments, and to invest and reinvest the property of the Trust in any investments as the Trustee may deem proper without regard for the principles of diversification or whether any form of investment would ordinarily be considered as suitable for a trustee to make or hold; and to retain any real estate or tangible personal property received to be held in trust hereunder and/or to acquire any real property and/or tangible personal property, permitting the Beneficiaries to make such use thereof as is advisable and

commensurate with their beneficial interests, and to make repairs and improvements and pay taxes, insurance premiums and other charges with respect thereto as the Trustee may deem advisable.

D. To sell any real or personal property of the Trust at public or private sale for cash or on credit or to exchange the same on terms as the Trustee may deem advisable; to lease any real or personal property of the Trust at times and on terms as the Trustee may deem advisable, whether or not the lease may extend beyond the term of any trust.

E. To borrow for the purposes of the Trust and to mortgage or pledge any real estate or personal property as security for any such loans.

F. To foreclose by entry or otherwise, extend, assign or give partial releases of any mortgages, to discharge mortgages or liens on real or personal property.

G. To sign, seal, execute and deliver all proper and necessary conveyances and instruments for the purposes of the Trust.

H. To grant options for the sale or exchange of any property.

I. To vote in person or by proxy upon all stocks or other securities held and to exercise all conversion, subscription, voting and other rights of whatever nature pertaining to the property of the Trust and to pay any sums as may be deemed advisable in connection therewith; and to exercise stock options.

J. To participate in any plan of reorganization, consolidation or merger, to deposit any property of the Trust under any such plan or with any protective or reorganization committee,

to delegate to such committee discretionary power with respect thereto, to pay a proportionate part of the expenses of the committee and any assessments levied under any plan and to accept and retain new securities received in pursuance of any plan.

K. To hold securities or any real or other personal property in the name of a nominee or nominees, or in any other form.

L. To employ legal counsel, investment counsel and agents, to decide whether or not to act upon their recommendations and to pay to them reasonable compensation from the Trust Estate.

M. To take any proceedings at law or in equity with reference to or in any matter concerning the Trust and to represent the interests of the Trust in any proceedings, with power to compromise or refer to arbitration any dispute in any way affecting the same.

N. To take steps and to do any acts which may be deemed necessary or proper for the due care and management of the Trust.

O. To value all property to be divided or distributed at then current fair market values, and, in the Trustee's discretion, to convert all or any part of such property into money and to make division or distribution thereof in kind or in money

P. To refuse to accept property as a trust asset if such property could result in liability to the Trust or otherwise impair the value of any Trust Estate.

Q. To place any portion or all of the trust funds in any custodial or agency account or other similar account administered by a banking institution or trust company and to rely upon their

investment decisions, such not constituting an unauthorized delegation of the Trustee's
duties; provided that this paragraph shall not be applicable if the Trustee is a corporate
Trustee.

R. To have dealings between or among separate trusts or trust shares hereunder, including the
purchase, sale or exchange of assets, or the borrowing or lending of money, on such
reasonable terms as may be appropriate in the circumstances.

S. To open and maintain checking or savings accounts in any bank or banks and to designate
any one or more persons to execute checks or make withdrawals therefrom.

T. To make loans to any person or persons upon such reasonable terms as the Trustee may
determine, provided that no loan shall be made to any person who is also serving as a Trustee
hereunder.

**Article 8**. <u>Payment of Premiums</u>: The Trustee shall in no way be bound to pay the premiums or
other charges on any policy payable hereunder, nor to see that any such policy is kept in force,
but shall use its best efforts to collect any sum payable thereunder whenever by the terms of such
policy or policies, the same shall be payable to the Trustee and it shall have knowledge thereof.

**Article 9**. <u>Distributions by Trustee; Limitation on Exercise of Special Power of Appointment</u>:
The Trustee is authorized to make payments of principal or income directly to and otherwise to
deal with minors as though of full age or to make such payments for the benefit of such minor, or
to the parent or person having custody of the minor for his or her use, all as the Trustee may
designate. No grantee or holder of any special power of appointment granted under the Trust
shall have the right or power to exercise such special power in any manner that can satisfy any
legal obligation of such grantee, or holder, including, but not limited to, any legal obligation of

support.

**Article 10**. <u>Accounting</u>: Unless directed otherwise by an adult Beneficiary of the Trust, the Trustee may accept such amount of property distributed to it by the legal representative of the Grantor's estate as constituting all the property to which the Trustee is entitled under the Grantor's Will. The Trustee shall have no duty to review the administration of the Grantor's estate by such legal representative, unless the Trustee has actual affirmative knowledge of any impropriety in such administration.

At any time during or after the Trust's existence a Beneficiary may request an accounting of the property in the Trust which may or may not include income, liabilities, and a list of assets known to be in the Trust's possession. Requests may not be made more than once per year.

**Article 11**. <u>Blank</u>

**Article 12**. <u>Dealings With Third Parties</u>: Any person, firm, corporation or entity dealing with the Trustee may always rely upon the Trustee as being duly authorized hereunder in all particulars; and no such person, firm, corporation or entity shall in any way be responsible for the proper use or application of any property delivered, or any funds paid over or advanced, by any of them to the Trustee; and the receipt of the Trustee for any payment or advancement made to the Trustee, or for any property delivered to the Trustee, shall be a complete discharge and acquaintance to the extent specified in such receipt. Persons dealing with the Trustee shall look only to the property administered by the Trustee for payment of claims and not to the Trustee's personal property.

**Article 13.** <u>Successor Trustees and Other Provisions Dealing with Trustees</u>:

    A. <u>Successor Trustee</u>: The Grantor appoints Alana Fugnetti with a mailing address of 5500

Paseo Joaquin, Yorba Linda, CA as the Successor Trustee.

In the event he is unable to serve then the Beneficiaries may decide with a majority vote the corporate or individual to serve as Successor Trustee. If the Beneficiaries cannot agree to a Successor Trustee within 30 days then the court in the jurisdiction of the Grantor shall make the appointment. If a Beneficiary of the Trust is to be appointed as Trustee, legal or tax counsel should first be consulted with respect to any possible income, gift or estate tax consequences to such Beneficiary under then existing law. Notwithstanding the foregoing, as long as one Trustee is serving hereunder no vacancy shall be deemed to exist in the office of Trustee.

B.  Appointment of Co-Trustee by an Individual Trustee: Any individual who is serving as a Trustee may at any time appoint another person or a corporate Trustee to serve as a co-Trustee but only during the period of time that such individual is serving as a Trustee. The Trustee has the right to remove such co-Trustee from such office, with or without cause, upon written notice thereof mailed or delivered to such appointed co-Trustee.

C.  Removal or Incapacity: During the Grantor's lifetime, he or she shall have the right to remove any Trustee. Should any Trustee hereunder become incapacitated, as determined pursuant to the Indenture or otherwise, such person shall cease to serve as Trustee and the office of Trustee shall be deemed vacant if no other Trustee is then serving.

D.  Resignation of Trustee: Any Trustee hereunder may resign by a notice in writing delivered to the Grantor, if the Grantor is then living, and, after the Grantor's death, to all current Beneficiaries of the Trust.

E.  Certified Copies and Certificate of Trustee or Attorney at Law: Anyone may rely upon a

copy hereof certified by a Notary Public to be a true copy of the instrument

F.   Trustee's Accountings: The Trustee, other than the Grantor-Trustee, may, and, upon request of any Beneficiary hereof, shall, render periodic accounts with respect to the trusts hereunder to the person or persons then entitled to receive any income or principal from the Trust.

G. Bond: The Grantor directs that no Trustee hereunder be required to furnish bond, or surety on any bond, for the performance of its duties as Trustee in any jurisdiction.

H. Successor Trustees or Co-Trustees: All rights, powers and exemptions reserved or granted to the Trustee hereunder shall extend to any successor Trustee or co-Trustee. No successor Trustee or co-Trustee shall succeed to such office until he/she/it accepts such office in writing. Any successor Trustee or co-Trustee may accept, without examination or review, the accounts rendered and the property delivered by any predecessor Trustee or present co-Trustee without liability. Each successor Trustee or co-Trustee has the same title, power and duties as the Trustee succeeded or, in the case of a co-Trustee, the other then present Trustee, without any additional conveyance. Any reference to a "Trustee" refers equally to any successor Trustee or co-Trustee.

I. Compensation of Trustee: Any individual Trustee serving hereunder shall be entitled to no compensation whatsoever.

J. Liability of an Individual Trustee: No individual Trustee (as opposed to a corporate Trustee) shall, with respect to the investment or management of legal affairs of Trust Estate, be liable for any action taken, or failure to act, unless such action, or failure to act, was done willfully and in bad faith or fraudulently.

K. Corporate Trustee: The term "corporate Trustee" shall mean a Trustee which is a banking institution or trust company regularly engaged in the business of trust administration in which no Beneficiary has any controlling interest.

**Article 14**. Governing Law: The Trust is made and executed in the State of California and is to be governed and construed according to the laws of said State.

**Article 15**. Survival: No individual or organization may make a claim or benefit from the Trust unless it is determined that the benefiting party has survived the Grantor by 30 days.

**Article 16**. Incapacity: If the Grantor becomes incapacitated, the Trustee shall distribute such amounts of the income and principal of the Trust for the comfort, health, support, maintenance and any additional care needed. Trustee has discretion to determine what amount is appropriate and necessary to maintain the Grantor's accustomed standard of living. Incapacity shall be defined as a lack of ability to manage his or her own personal and financial affairs, which may be due either to a mental or physical condition. The determination of incapacity shall be made by either a court of competent jurisdiction or two physicians licensed to practice medicine in the state where the Grantor is domiciled at the time of the certification. One of the two physicians shall be board certified in the specialty most closely associated with the cause of the Grantor's incapacity.

The Grantor shall be deemed to have regained capacity if there is a finding to that effect by a court of competent jurisdiction or two licensed physicians that the Grantor is capable of managing his or her personal and financial affairs.

**Article 17**. BLANK : Intentionally Blank

**Article 18**. <u>Children</u>: For the purposes of the Trust the children of the Grantor are as follows: Kathryn Fugnetti and Vincent Fugnetti.

**Article 19**. <u>Severability</u>: If any wording, sentence, or article of the Trust is determined to be invalid, unenforceable, or irrelevant for any reason whatsoever the remaining portions of the Trust remain legally valid and enforceable. If a court determines that limiting any such wording in the Trust would enable to become valid and enforceable then such wording shall be deemed written, construed, and enforced as so limited.

**Article 20**. <u>Gender References</u>:  Whenever the context permits, the use of a particular gender shall include any other gender, and references to the singular or the plural shall be interchangeable.

**Article 21**. <u>Exclusion:</u> For the purpose of outlining a clear and detailed Trust document the Grantor has specifically excluded the following individuals and/or organizations: None.

**Article 22**. <u>Power to Alter, Amend or Revoke:</u> The Grantor reserves the right at any time or times during the Grantor's lifetime to amend, alter or revoke the Trust, in whole or in part, or any provision thereof, by an instrument in writing signed by the Grantor and delivered to the Trustee, provided that no such amendment or alteration shall in any manner increase the duties and responsibilities of any then Trustee in office without such Trustee's consent. From and after the Grantor's death the Trust shall be irrevocable and may not be altered, amended or revoked.

**Grantor's Signature** _Alana J. Fugnetti_

Print Name _ALANA   J.  FUGNETTI_ Date _8.21.20_

I hereby accept the Trust hereinabove created upon the terms set forth herein and agrees to act as Trustee thereunder.

**Trustee's Signature** _Katie Fugnett_

Print Name _Katie Fugnetti_ Date _8-21-20_

I hereby accept the Trust hereinabove created upon the terms set forth herein and agrees to act as Successor Trustee thereunder.

**Successor Trustee's Signature** _Alana J. Fugnette_

Print Name _ALANA   FUGNETTI_ Date _8.21.20_

## SELF-PROVING AFFIDAVIT

State of California

County of Orange

I, the Grantor, Trustee and the Notary Public, whose names are signed to the foregoing instrument, being first duly sworn, do hereby declare to the undersigned authority that the Grantor signed and executed the instrument and that she signed willingly, and that she executed it as her free and voluntary act for the purposes therein expressed, and that each of the individuals, in the presence of the Grantor was at the time eighteen (18) or more years of age, of sound mind and under no constraint or undue influence.

Grantor's Signature _Alana J. Jugartt_ Date _8.21.20_

Trustee's Signature _Katin Jugartt_ Date _8-21-20_

## NOTARY ACKNOWLEDGMENT

On   this _____   of _____, 20___, personally   appeared   the   above-named

_____ and acknowledged the foregoing to be (his/her)

free act and deed, before me.

My Commission Expires: _____          _____

                                                                        Notary Public

(Seal)                                                                   Print _____

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ORANGE_____ )

On _August 21, 2020_ before me, __DIANA SASHENKA RAMIREZ BAUTISTA, NOTARY PUBLIC__
(insert name and title of the officer)

personally appeared _ALANA JANE FUGNETTI and KATHRYN DENISE FUGNETTI_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ **(Seal)**

DIANA SASHENKA RAMIREZ BAUTISTA
Notary Public – California
Orange County
Commission # 2229674
My Comm. Expires Jan 28, 2022

# Exhibit "C"

## QUIT CLAIM COPYRIGHT ASSIGNMENT

WHEREAS, Dennis Michael Fugnetti ("Fugnetti") was a professional photographer and the sole creator of certain photographic subject matter during his lifetime, including a photograph of a flying pigeon created on or about 1999 attached hereto as Exhibit 1 ("Photo");

WHEREAS, on or about October 23, 2018, Fugnetti registered the Photo with the United States Copyright Office under registration VAu 1-349-636 attached hereto as Exhibit 2 ("Registration");

WHEREAS, any and all rights to the Photo originally vested in Fugnetti in his personal capacity where they remained until his death;

WHEREAS, on or about May 22, 1991, Fugnetti executed his last will and testament ("Will");

WHEREAS under the terms of the Will, all of Fugnetti's property was to be given to either Alana Jane Fugnetti or The Dennis M. Fugnetti And Alana J. Fugnetti Trust;

WHERAS, upon the death of Fugnetti on or about January 2020, his entire estate, including any and all right to the Photo passed either to Alana Jane Fugnetti in her personal capacity or to The Dennis M. Fugnetti And Alana J. Fugnetti Trust;

WHEREAS Alana J. Fugnetti retains complete discretion to distribute any and all assets contained in the The Dennis M. Fugnetti And Alana J. Fugnetti Trust;

WHEREAS, on or about August 2020 the "Dennis Fugnetti Photography Trust" was formed;

WHEREAS, Alana Jane Fugnetti and The Dennis M. Fugnetti And Alana J. Fugnetti Trust now wish to transfer and assign to the Dennis Fugnetti Photography Trust their complete interest in the Photo and Registration which may have passed to them upon the death of Fugnetti;

NOW, THEREFORE, for good and valuable consideration received, the receipt and sufficiency of which is hereby acknowledged,

1.      To the extent that she retains any rights to the Photo or Registration in her personal capacity, Alana J. Fugnetti does hereby assign, transfer, and convey unto the Dennis Fugnetti Photography Trust, all rights, title, and interest in and to the Photo, including any and all copyrights in said Photo that may arise and/or may be granted in the United States and any foreign country, and including each and every derivative work arising from said Photo to which she retains an interest along with all rights, title, and interest in the Registration.

2.      For clarity, this is intended to be a complete transfer of any and all rights in the Photo and Registration. To the extent any past, present or future rights related to the Photo or Registration and not explicitly or implicitly set forth in this document, including but not limited to any license agreements or contracts relating to the Photo such rights are intended to be conveyed through this document.

3.      To the extent that it retains any rights to the Photo or registration The Dennis M. Fugnetti And Alana J. Fugnetti Trust does hereby assign, transfer, and convey unto the Dennis Fugnetti Photography Trust, all rights, title, and interest in and to the Photo, including any and all copyrights in said Photo that may arise and/or may be granted in the United States and any foreign country, and including each and every derivative work arising from said Photo to which it retains an interest along with all rights, title, and interest in the Registration.

4.      Alana Jane Fugnetti warrants and represents that she and/or The Dennis M. Fugnetti And Alana J. Fugnetti have not entered into any assignments, contracts, or understandings in conflict herewith.

IN WITNESS WHEREOF, this _21_ day of August 2020;

_Alana J. Fugnetti_

Alana J. Fugnetti, in her personal capacity

_Alana J. Fugnetti_

Alana J. Fugnetti, on behalf of The Dennis M. Fugnetti And Alana J. Fugnetti Trust

2

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ ORANGE _____ )

On _August 21, 2020_ before me, __DIANA SASHENKA RAMIREZ BAUTISTA, NOTARY PUBLIC__
(insert name and title of the officer)

personally appeared _Alana Jane Fugnetti_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

DIANA SASHENKA RAMIREZ BAUTISTA
Notary Public – California
Orange County
Commission # 2229674
My Comm. Expires Jan 28, 2022

# Exhibit 1



MIAD 10/4/18

Fugnetti00030

# Exhibit 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Lesle*

Acting United States Register of Copyrights and Director



**Registration Number**

**VAu 1-349-636**

**Effective Date of Registration:**
October 23, 2018

## Title

| | |
|---|---|
| **Title of Work:** | Blackies Pigeon #1 |
| **Nature of Claim:** | Photograph |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 1999 |

## Author

| | |
|---|---|
| • **Author:** | Dennis Fugnetti DBA MIAD Photography |
| **Author Created:** | Photograph |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Year Born:** | 1949 |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Dennis Fugretti |
| | 5500 Paseo Joaquin, Yorba Linda, CA, 92886 |

## Limitation of copyright claim

| | |
|---|---|
| **Previously registered:** | No |
| **Basis of current registration:** | This is the first application submitted by this author as claimant. |

## Certification

| | |
|---|---|
| **Name:** | Dennis Fugretti |
| **Date:** | October 15, 2018 |

| | |
|---|---|
| **Correspondence:** | Yes |

Page 1 of 1

Fugnetti00031

**Registration #:** VAu001349636
**Service Request #:** 1-7096600554



Dennis Fugretti
5500 Paseo Joaquin
Yorba Linda, CA 92886



Library of Congress
United States Copyright Office
101 Independence Avenue SE
Washington, DC 20559

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

92886$5713 C020

Fugnetti00032