FILED
CLERK, U.S. DISTRICT COURT
9/17/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| DENNIS FUGNETTI,<br><br>  Plaintiff / Counter-Defendant,<br><br>  v.<br><br>BIRD B GONE, INC. and DOES 1 through 10,<br><br>  Defendant / Counter-Claimant. | Case No.: SACV 19-00847-CJC(DFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE AND DENYING DEFENDANT'S MOTION TO SUBSTITUTE [Dkts. 59, 62]** |

## I. INTRODUCTION & BACKGROUND

In May 2019, Plaintiff Dennis Fugnetti ("Mr. Fugnetti") filed this copyright infringement action against Defendant Bird B Gone, Inc. and unnamed Does. (Dkt. 1 [Complaint, hereinafter "Compl."].) Before he passed away in January 2020, Mr. Fugnetti was a photographer and graphic designer who produced and licensed an image (the "Image") to Defendant to promote its products. (*Id.* ¶¶ 9–17.) Plaintiff's complaint

alleges that Defendant used the Image outside the scope of the license and therefore infringed upon his copyright in violation of 17 U.S.C. § 101. (*Id.* ¶¶ 65–70.) Defendant contends that it purchased "an unrestricted oral, non-exclusive license to the [Image]" and that Mr. Fugnetti violated this agreement by filing the instant action. (Dkt. 32 [First Amended Answer and Counterclaims, hereinafter "FAA"] ¶¶ 49–54.) Defendant asserts counterclaims for breach of contract and breach of non-exclusive license. (*See id.*) This case has been litigated extensively, and the Court has repeatedly expressed concern that counsel's activity is disproportionate to the value of the property at issue. (Dkt. 42.)

In January 2020, Mr. Fugnetti passed away but his counsel did not notify Defendant until May 2020. On May 26, 2020, Defendant filed a "Notice of Death of Plaintiff and Request for Status Conference." (Dkt. 54.)

Mr. Fugnetti was survived by his wife, Alana Fugnetti ("Alana"), and his daughter, Katie Fugnetti ("Katie"). In 1991, Fugnetti executed his will (the "Will") which left all of his "jewelry, clothing, household furniture and furnishings, personal automobiles, and other tangible articles of a personal nature" to Alana, provided that she survived him for thirty days. (Dkt. 63-2 [Declaration of Alana Fugnetti, hereinafter "Alana Declaration"] Ex. A at 2.) The Will also left the "rest and residue of [his] estate" to the successor Trustee of the Dennis M. Fugnetti and Alana J. Fugnetti Trust, which was created by Mr. Fugnetti and Alana in 1990 (the "1990 Trust"). (*Id.*) Alana is now the sole trustee of the 1990 Trust. (*Id.* ¶ 4.)

After Mr. Fugnetti's passing, on August 21, 2020, Alana created the Dennis Fugnetti Photography Trust (the "Photography Trust") and named Katie as trustee. (*Id.* Ex. B.) On the same day, Alana executed a quitclaim deed, which transferred all rights in the Image held by herself and the 1990 Trust to the Photography Trust. (*Id.* Ex. C.)

Now before the Court are both Plaintiff's and Defendant's motions to substitute Mr. Fugnetti given his passing. On August 24, 2020, Defendant filed a motion to substitute Alana for Mr. Fugnetti in his capacity as Counter-Defendant. (Dkt. 59.) On August 31, Plaintiff filed a motion to substitute the Photography Trust for Mr. Fugnetti in his capacity as Plaintiff. (Dkt. 62.) For the following reasons, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party [but i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." (*Id.*) "Thus, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013).

//
//
//

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearings set for September 21 and 28 at 1:30 p.m. are hereby vacated and off calendar.

## IV. DISCUSSION

Plaintiff and Defendant each filed motions to substitute Mr. Fugnetti. Defendant seeks to substitute Alana for Mr. Fugnetti in his capacity as Counter-Defendant. (Dkt. 59.) Plaintiff seeks to substitute the Photography Trust for Mr. Fugnetti in his capacity as Plaintiff. (Dkt. 62.) In evaluating the parties' motions, the Court considers whether (1) they are timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. *See* Fed. R. Civ. P. 25(a)(1). The Court concludes that because the Photography Trust is the legal owner of the Image, Katie Fugnetti, in her capacity as trustee of the Photography Trust, is the proper substitute for Mr. Fugnetti. Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED** accordingly.

### A. Timeliness

Both Plaintiff's and Defendant's motions were timely filed under Rule 25(a). If a motion for substitution "is not made within 90 days after service of a statement noting the death, the action . . . must be dismissed." Fed. R. Civ. P. 25(a)(1). Rule 25 requires two affirmative steps to trigger the running of the 90 day period: (1) a formal suggestion of death upon the record; and (2) service of other parties and nonparty successors or representatives of the deceased with a suggestion of death. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Whether the service requirement is satisfied depends on whether the person being served is a party to the litigation or not. A party to the litigation may be served the suggestion of death by service on his attorney in accordance with Federal Rule of Civil Procedure 5(b), which allows service via a court's electronic filing system. In contrast, non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. *See* Fed. R. Civ. P. 4(e).

Here, a formal suggestion of death was entered on the record when Defendant filed a "Notice of Death of Plaintiff and Request for Status Conference" on May 26, 2020. (Dkt. 54.) This notice also met the service requirement for Defendant, because Defendant was a party to the litigation and the notice was filed on the Court's electronic system. Accordingly, Defendant was required to file its motion to substitute by August 24, 2020, and it did so. (*See* Dkt. 59.)

In contrast, Plaintiff's successors, Alana and Katie Fugnetti, were not parties to the litigation. Consequently, Plaintiff was not required to file its motion to substitute until 90 days after Defendant served Alana and Katie in accordance with Rule 4. Defendant did not serve Alana or Katie in this manner until August 3, 2020. (Dkt. 62-2 [Declaration of Ryan Carreon, hereinafter "Carreon Decl.] Ex. A at 2.) Plaintiff's August 31 motion to substitute was therefore timely. (*See* Dkt. 62.)

### B.     The Claims Survive Mr. Fugnetti's Death

Neither Plaintiff's nor Defendant's claims were extinguished by Mr. Fugnetti's death. Plaintiff brought a claim for copyright infringement under the United States Copyright Act, which provides that a copyright "endures . . . for 70 years after the author's death." 17 U.S.C. § 302(a); *see also* 17 U.S.C. § 204(a) (allowing transfer of copyright ownership). Because Mr. Fugnetti's copyright survived his death and the Copyright Act allows transfer of copyright ownership, Plaintiff's copyright infringement claim was not extinguished.

Defendant brought counterclaims for breach of contract and breach of a non-exclusive license. Claims arising out of contracts generally survive the death of a party. *Shaw v. Dauphin Graphic Machines, Inc.*, 240 F. App'x 177, 179 (9th Cir. 2007) (unpublished); *see Louis v. Elfelt*, 26 P. 1095, 1097 (Cal. 1891) (Paterson, J., concurring).

Because Defendant's claims arise out of contract, they similarly survive Mr. Fugnetti's death.

### C. The Proper Party

"To be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right under a copyright.'" *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (quoting 17 U.S.C. § 501(b)). Here, the Photography Trust is the legal owner of the copyright in the Image.

In 1990, Mr. Fugnetti executed the Will, which left Alana as his only heir. (Alana Decl. ¶ 5, 8, Ex. A.) Article Four of the Will left to Alana all of his "jewelry, clothing, household furniture and furnishings, personal automobiles, and other tangible articles of a personal nature." (*Id.* Ex. A at 2.) Article Five left the "rest and residue of [his] estate" to Alana as the successor trustee of the 1990 Trust. (*Id.*) Although neither article expressly covers Fugnetti's copyright in the Image, ownership of the Image passed to Alana either in her personal capacity or in her capacity as trustee of the 1990 Trust. (*Id.* ¶ 7.)

On August 21, 2020, Alana formed the Photography Trust and named Katie as its trustee. That same day, Alana executed a quitclaim deed, which transferred all rights in the Image held by herself and the 1990 Trust to the Photography Trust. As a result, all rights in the Image are now held by the Photography Trust.

Defendant argues that transfer of the Image to either Alana or the 1990 Trust is invalid because Plaintiff has provided no evidence that the Will has been probated, but the transfer of the Image to either Alana or the 1990 Trust would not require probate. For the Will's transfer of property from Mr. Fugnetti to Alana, California Probate Code

§ 13500 provides that when a spouse dies and "by his [] will devises . . . property to the surviving spouse . . . no administration is necessary." Cal. Prob. Code § 13500. For the Will's transfer of property from Mr. Fugnetti to the 1990 Trust, California Probate Code § 6300 provides that his type of devise is "not deemed to be held under a testamentary trust of the testator but becomes part of the trust to which it is given." *Id.* § 6300; *see In re Cook*, 2008 WL 8444785, at *4 (B.A.P. 9th Cir. Nov. 3, 2008).

Although the Photography Trust is the legal owner of the Photograph, "[a] trust itself cannot sue or be sued." *Portico Mgmt. Grp., LLC v. Harrison*, 136 Cal. Rptr. 3d 151, 157 (Cal. Ct. App. 2011). Instead, "[t]he trustee is the real party in interest with standing to sue and defend on the trust's behalf." *Id.* Accordingly, Katie Fugnetti, in her capacity as trustee of the Photography Trust, is the proper party to substitute for Mr. Fugnetti in his capacity as Plaintiff and Counter-Defendant.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to substitute is **GRANTED** and Defendant's motion is **DENIED**. The Court concludes that Katie Fugnetti, in her capacity as trustee of the Photography Trust, is the proper party to substitute for Mr. Fugnetti.

DATED: September 17, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE