Mathew K. Higbee, Esq. SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
DENNIS FUGNETTI

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS FUGNETTI,<br><br>Plaintiff,<br><br>v.<br><br>BIRD B GONE, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 8:19-cv-00847-AG-DFM<br><br>**DECLARATION OF DENNIS FUGNETTI** |

**DECLARATION OF DENNIS FUGNETTI**

I, Dennis Fugnetti, declare as follows:

1. I am over the age of 18 years old. I have personal knowledge of all matters stated herein, and if called as a witness, I could and would competently testify thereto.

2. I am the Plaintiff in the above captioned matter.

3. From the 1970s to the present, including during the time period that Bird B Gone retained my services as an independent contractor, I ran my photography business under the fictitious business name MIAD Photography.

4. MIAD Photography is not a separate business or legal entity such as a corporation or LLC.

5. Therefore, any rights to any works created by me are owned by me individually and not by MIAD or any other entity.

6. As generally stated in paragraph 11 of its counterclaim, in the late 90s, Bird B Gone retained my services as a photographer to take picture of birds to demonstrate their bird deterrent products.

7. While Bird B Gone gave me a general idea of what they were looking for, I made all of the creative decisions myself without any input from Defendant or any other person.

8. I chose the location and time of day for the photo shoot myself and went alone to take the series of photographs that would eventually include the Flying Pigeon Image.

9. While at the shooting location, I used all of my own camera equipment. I took over a hundred photographs of various different types of birds from various angels and in various poses and lighting situations.

10. I made all of the creative decisions for each of the photographs independently without any direction or input from Bird B Gone or anybody else.

11. After I took various photographs, including the Flying Pigeon Image, I developed the film myself and choose the best shots to present to Bird B Gone to see which, if any, of the photographs they wanted incorporated into the various materials that I would be designing for them.

12. At the time I presented the photographs to Bird B Gone, it was not my intent to "sell" or transfer the rights to any of the photographs to Bird B Gone.

13. Rather, Bird B Gone had engaged me on a project-by-project basis to create various materials for them as their needs arose. My intent in presenting the photographs to them, including the Flying Pigeon Image, was to determine which of my photographs they liked and which they didn't like so that I had a better idea of which photographs to potentially incorporate in the various projects I worked on.

14. It was my understanding that any photographs, including the Flying Pigeon Image, that I incorporated into materials created for Bird B Gone would not be used outside the scope of those materials.

15. I never granted Bird B Gone unlimited rights to use the Flying Pigeon Image in writing or by oral agreement.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 19, 2019, at Yorba Linda, California.

Dennis Fugnetti