John van Loben Sels (SBN 201354)
jvanlobensels@fishiplaw.com
FISH IP LAW, LLP
2603 Main Street, Suite 1000
Irvine, California 92614
Telephone:  (949) 943-8300
Facsimile:   (949) 943-8358

*Attorneys for Defendant, Bird-B-Gone, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dennis Fugnetti Photography Trust,<br><br>               Plaintiff,<br><br>    v.<br><br>Bird-B-Gone, Inc.; and Does 1-10, inclusive,<br><br>               Defendant. | Case No. 8:19-cv-00847-AG (DFMx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION, SET TWO**<br><br>Complaint Filed:   May 6, 2019 |

**Requesting Party:** Plaintiff Dennis Fugnetti

**Responding Party:** Defendant Bird B Gone Inc.

**Set No.:**  ONE

Defendant Bird-B-Gone, Inc. ("Responding Party" or "BBG") responds to Plaintiff Dennis Fugnetti Photography Trust's Requests for Admission as follows:

Investigation and discovery by Responding Party is continuing and is not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party hereby objects to the Requests for Admission on the following grounds:

**GENERAL RESPONSES**

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or

supplemental Requests for Admission that Propounding Party may at any time propound, involving or relating to the subject matter of the First Set of Requests for Admission. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Request to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## **GENERAL OBJECTIONS**

Defendant makes the following general objections to the requests, whether or not separately set forth in the response to each request, to each and every instruction, definition, and request:

1. Defendant objects to Plaintiff's definitions, instructions and requests to the extent they request information that is immune from discovery, protected by the attorney-client privilege, protected by the common interest/joint defense privilege, constitute trial preparation materials prepared in anticipation of litigation by or for Defendant or by or for any representatives of Defendant including attorney(s), consultant(s), employee(s), or agent(s), or which are otherwise protected from discovery pursuant to the Federal Rules of Civil Procedure or any other privilege

or immunity.  Such documents and things shall not be provided in response to the interrogatories and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents and things.

2. Defendant objects to each of Plaintiff's definitions and instructions and each of the Plaintiff's requests to the extent they attempt to impose an obligation on Plaintiff different from or greater than that required by the Federal Rules of Civil Procedure.

3. Defendant objects to all instructions, definitions, and requests to the extent that they require Defendant to identify documents not currently in their possession, custody, or control, or to identify or describe persons, entities or events not known to it on the ground that such instructions, definitions, or requests seek to require more of Defendant than any obligation imposed by law, would subject Defendant to unreasonable and undue burden and expense, and seek to impose on Defendant an obligation to investigate or discover information or materials from third parties that are equally accessible to Plaintiff.

4. Defendant objects to each of Plaintiff's requests to the extent they call for documents and things that do not relate to matters materially necessary to the prosecution and defense of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the extent that any definition, instruction or request is vague, ambiguous, or overly broad, and unreasonably requires Defendant to speculate as to the nature and scope of the documents and things sought.  In each instance, where possible, Defendant will interpret the request to require only responses reasonably related in time and subject matter to the issues in this litigation.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU do not own the copyright to the IMAGE.

3
RESPONSE TO RFA, SET ONE

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Subject to and without waiving the foregoing objections, BBG admits.

**REQUEST FOR ADMISSION NO. 2:**

Admit that all services performed by Dennis Fugnetti for YOU were performed as an independent contractor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Subject to and without waiving the foregoing objections, BBG admits.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Dennis Fugnetti created the IMAGE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU were not present when the IMAGE was created.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

2  Responding Party incorporates by reference the General Objections by reference

3  herein.  BBG also objects to this request to the extent it seeks communications that

4  are protected by the attorney-client privilege, and/or the attorney word-product

5  doctrine.

6      Admit.

7

8  **REQUEST FOR ADMISSION NO. 5:**

9      Admit that YOU did not choose the location where the IMAGE was taken.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

11     Responding Party incorporates by reference the General Objections by

12 reference herein.  BBG also objects to this request to the extent it seeks

13 communications that are protected by the attorney-client privilege, and/or the

14 attorney word-product doctrine.

15     Denied.

16

17 **REQUEST FOR ADMISSION NO. 6:**

18     Admit that Dennis Fugnetti chose the location where the IMAGE was

19 taken.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

21     Responding Party incorporates by reference the General Objections by

22 reference herein.  BBG also objects to this request to the extent it seeks

23 communications that are protected by the attorney-client privilege, and/or the

24 attorney word-product doctrine.

25     Denied.

26

27 **REQUEST FOR ADMISSION NO. 7:**

28     Admit that YOU did not choose the time of day when the IMAGE was

1 taken.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

3 Responding Party incorporates by reference the General Objections by reference
4 herein.  BBG also objects to this request to the extent it seeks communications that
5 are protected by the attorney-client privilege, and/or the attorney word-product
6 doctrine.

7 Subject to and without waiving the foregoing objections, BBG admits.

8

9 **REQUEST FOR ADMISSION NO. 8:**

10 Admit that Dennis Fugnetti chose the time of day when the IMAGE was
11 taken.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

13 Responding Party incorporates by reference the General Objections by reference
14 herein.  BBG also objects to this request to the extent it seeks communications that
15 are protected by the attorney-client privilege, and/or the attorney word-product
16 doctrine.

17 Subject to and without waiving the foregoing objections, BBG lacks
18 information sufficient to admit or deny this request and therefore denies it.

19

20 **REQUEST FOR ADMISSION NO. 9:**

21 Admit that YOU did not choose the equipment with which the IMAGE was
22 taken.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

24 Responding Party incorporates by reference the General Objections by reference
25 herein.  BBG also objects to this request to the extent it seeks communications that
26 are protected by the attorney-client privilege, and/or the attorney word-product
27 doctrine.

28 Subject to and without waiving the foregoing objections, BBG admits.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Dennis Fugnetti chose the equipment with which the IMAGE was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine. Responding Party objects to this request as it is duplicative of the prior request.

Subject to and without waiving the foregoing objections, BBG lacks information sufficient to admit or deny this request and therefore denies it.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU did not choose the angle at which the IMAGE was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Subject to and without waiving the foregoing objections, BBG admits.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Dennis Fugnetti chose the angle at which the IMAGE was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine. Responding Party objects to this request as it is duplicative of the prior

1 request.

2 　　　Subject to and without waiving the foregoing objections, BBG lacks
3 information sufficient to admit or deny this request and therefore denies it.

5 **REQUEST FOR ADMISSION NO. 13:**
6 　　　Admit that YOU did not choose the angle at which the IMAGE was taken.
7 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**
8 Responding Party incorporates by reference the General Objections by reference
9 herein.  BBG also objects to this request to the extent it seeks communications that
10 are protected by the attorney-client privilege, and/or the attorney word-product
11 doctrine.  Responding Party objects to this request as it is duplicative of the prior
12 request.
13 　　　Subject to and without waiving the foregoing objections, BBG admits.

15 **REQUEST FOR ADMISSION NO. 14:**
16 　　　Admit that Dennis Fugnetti chose the angle at which the IMAGE was taken.
17 **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**
18 Responding Party incorporates by reference the General Objections by reference
19 herein.  BBG also objects to this request to the extent it seeks communications that
20 are protected by the attorney-client privilege, and/or the attorney word-product
21 doctrine.  Responding Party objects to this request as it is duplicative of the prior
22 request.
23 　　　Subject to and without waiving the foregoing objections, BBG lacks
24 information sufficient to admit or deny this request and therefore denies it.

26 **REQUEST FOR ADMISSION NO. 15:**
27 　　　Admit that YOU did not determine the subject of the IMAGE as it was
28 taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.  Responding Party objects to this request as the term "subject" is vague and ambiguous.

    Denied.

**REQUEST FOR ADMISSION NO. 16:**

    Admit that Dennis Fugnetti determined the subject of the IMAGE as it was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

    Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.  Responding Party objects to this request the term "subject" is vague and ambiguous.

    Denied.

**REQUEST FOR ADMISSION NO. 17:**

    Admit that YOU did not frame the subject of the IMAGE as it was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

    Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.  Responding Party objects to this request "frame" is vague and ambiguous.

    Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Dennis Fugnetti framed the subject of the IMAGE as it was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.  Responding Party objects to this request "frame" is vague and ambiguous.

Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU did not determine the background elements of the IMAGE as it was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.  Responding Party objects to this request as the term "background element" is vague and ambiguous.

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Dennis Fugnetti determined the background elements of the IMAGE as it was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that

1 are protected by the attorney-client privilege, and/or the attorney word-product
2 doctrine. Responding Party objects to this request as the term "background
3 element" is vague and ambiguous.
4     Denied.

6 **REQUEST FOR ADMISSION NO. 21:**
7     Admit that YOU did not determine the precise moment in time that the
8 IMAGE was taken.
9 **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**
10 Responding Party incorporates by reference the General Objections by reference
11 herein. BBG also objects to this request to the extent it seeks communications that
12 are protected by the attorney-client privilege, and/or the attorney word-product
13 doctrine. Responding Party objects to this request as the term "precise moment in
14 time" is vague and ambiguous.
15     Denied.

17 **REQUEST FOR ADMISSION NO. 22:**
18     Admit that Dennis Fugnetti determined the precise moment in time that the
19 IMAGE was taken.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**
22 Responding Party incorporates by reference the General Objections by reference
23 herein. BBG also objects to this request to the extent it seeks communications that
24 are protected by the attorney-client privilege, and/or the attorney word-product
25 doctrine. Responding Party objects to this request as the term "background
26 element" is vague and ambiguous.
27     Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU did not determine the lighting and shading techniques to be used as IMAGE was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine. Responding Party objects to this request as the term "lighting and shading techniques" is vague and ambiguous.

Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Dennis Fugnetti determined the lighting and shading techniques to be used as IMAGE was taken.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine. Responding Party objects to this request as the term "lighting and shading techniques" is vague and ambiguous.

Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU did not determine the exposure of the IMAGE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product

1  doctrine.  Responding Party objects to this request as the term "exposure" is vague
2  and ambiguous.
3       Denied.
4
5  **REQUEST FOR ADMISSION NO. 26:**
6       Admit that Dennis Fugnetti determined the exposure of the IMAGE.
7  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**
8  Responding Party incorporates by reference the General Objections by reference
9  herein.  BBG also objects to this request to the extent it seeks communications that
10 are protected by the attorney-client privilege, and/or the attorney word-product
11 doctrine.  Responding Party objects to this request as the term "exposure" is vague
12 and ambiguous.
13      Denied.
14
15 **REQUEST FOR ADMISSION NO. 27:**
16      Admit that YOU did not determine the developing techniques used with the
17 IMAGE.
18 **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**
19 Responding Party incorporates by reference the General Objections by reference
20 herein.  BBG also objects to this request to the extent it seeks communications that
21 are protected by the attorney-client privilege, and/or the attorney word-product
22 doctrine.  Responding Party objects to this request as the term "developing
23 techniques" is vague and ambiguous.
24      Denied.
25
26 **REQUEST FOR ADMISSION NO. 28:**
27      Admit that Dennis Fugnetti determined the developing techniques used with
28 the IMAGE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine. Responding Party objects to this request as the term "developing techniques" is vague and ambiguous.

Denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that all materials utilizing the IMAGE prior to YOUR termination of Dennis Fugnetti were designed by Dennis Fugnetti.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU separately paid Dennis Fugnetti for each project that he completed for YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Admit.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU separately paid Dennis Fugnetti for each project that he completed for YOU and in which he incorporated the IMAGE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU never discussed applying for the TRADEMARK with Dennis Fugnetti prior to applying for the TRADEMARK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Denied.

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU applied for the TRADEMARK after YOU terminated YOUR relationship with Dennis Fugnetti.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Responding Party incorporates by reference the General Objections by reference herein. BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

1   Admit.

**REQUEST FOR ADMISSION NO. 34:**

Admit that prior to the termination of YOUR relationship with Dennis Fugnetti, all of the materials distributed by YOU that incorporated the IMAGE were designed by Dennis Fugnetti.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Denied.

**REQUEST FOR ADMISSION NO. 35:**

Admit that prior to the termination of YOUR relationship with Dennis Fugnetti, Dennis Fugnetti directly participated in the design of all of the materials distributed by YOU that incorporated the IMAGE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

Denied.

**REQUEST FOR ADMISSION NO. 36:**

Admit that prior to the termination of YOUR relationship with Dennis Fugnetti, none of the materials distributed by YOU that incorporated the IMAGE prior were designed solely by YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Responding Party incorporates by reference the General Objections by reference herein.  BBG also objects to this request to the extent it seeks communications that are protected by the attorney-client privilege, and/or the attorney word-product doctrine.

     Denied.

DATED: May 6, 2021

Respectfully submitted,
FISH IP LAW, LLP

*/s/ John van Loben Sels*
John van Loben Sels
Attorneys for Defendant,
BIRD-B-GONE, INC.

# PROOF OF SERVICE

*Bird-B-Gone, Inc. v. Flock Free*
USDC – Central Case No. 8:19-cv-00886

I am employed in Orange County, State of California. I am over the age of 18 and not a party to the within action. My business address is 2603 Main Street, Suite 1000, Irvine, CA 92620.

On May 6, 2021, I served the following document(s) described as:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION, SET TWO**

on the following parties or attorneys for parties in this action:

Ryan Carreon
rcarreon@higbeeassociates.com
Mathew K. Higbee, Esq.
mhigbee@higbeeassociates.com
Law Firm of Higbee & Associates
1504 Brookhollow Dr., Suite 112,
Santa Ana, CA 92705

☐ **BY REGULAR MAIL.** I caused such envelopes to be deposited in the United States mail, at Irvine, California with postage thereon fully prepaid, individually addressed to the parties as indicated on the attached service list. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (C.C.P. § 1013(a)(3))

☐ **BY OVERNIGHT DELIVERY.** I deposited such document(s) in a box or other facility regularly maintained by an overnight delivery service or delivered such document(s) to a courier or driver authorized by said overnight delivery service to receive documents, in an envelope or package designated by the overnight delivery service with delivery fees paid or provided for to the addressees on the attached service list.

X **BY ELECTRONIC MAIL.** I caused a true copy of the foregoing document to be sent via electronic mail in .pdf format, to the individual(s) listed on the attached service list.

☐ **BY PERSONAL SERVICE.** I caused such envelope to be delivered by hand to the addressee listed on the attached service list

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 6, 2021, at Irvine, California.

*Rita Marfatia*
Rita Marfatia

1
CERTIFICATE OF SERVICE