1  Mathew K. Higbee, Esq., SBN 241380
   Ryan E. Carreon, Esq., SBN 311668
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8336
4  (714) 597-6559 facsimile
   Email: mhigbee@higbeeassociates.com
5
   *Attorney for Plaintiff,*
6  DENNIS FUGNETTI PHOTOGRAPHY TRUST

7              **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**

9                                    | Case 8:19-cv-00847-CJC-DFM

10                                   | **DISCOVERY MOTION**
    DENNIS FUGNETTI
11  PHOTOGRAPHY TRUST            | **PLAINTIFF' SUPPLEMENTAL**
                                 | **MEMORANDUM IN SUPPORT OF**
12                Plaintiff,     | **NOTICE OF MOTION AND JOINT**
                                 | **STIPULATION RE: DENNIS**
13  v.                           | **FUGNETTI PHOTOGRAPHY'S**
                                 | **MOTION TO COMPEL FURTHER**
14  BIRD B GONE, INC.; and DOES 1| **RESPONSES TO**
    through 10 inclusive,        | **INTEROGATORRIES 14, AND 19,**
15                               | **AND CHALLENGING THE**
                 Defendants.     | **SUFFICIENCY OF REQUESTS FOR**
16                               | **ADMISSION 3, 8, 10, 12, 15-18, 18-20,**
                                 | **22-26, AND 31, AND REQUEST FOR**
17                               | **SANCTIONS IN THE AMOUNT OF**
                                 | **$4,125.00**
18
                                 | Judge:      Hon. Douglas F. McCormick
19                               | Courtroom:            6B, 6th Floor
                                 | Hearing Date:         July 20, 2021
20                               | Hearing Time:         10:00 a.m.

21

22

23         Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2.3, Plaintiff Dennis Fugnetti
24  Photography Trust ("Fugnetti") hereby submits this supplemental memorandum in
25  support of its Motion to Compel supplemental responses to Interrogatories Nos. 14
26  and 19, and challenging the sufficiency of Requests For Admission Nos. 3, 8, 10, 12,
27  14-20, 22-26, and 31 against Defendant Bird B Gone, Inc. ("BBG").
28  / / /

                                          i

## SUPPLEMENTAL MEMORANDUM

### I.     INTERROGATORIES 14 AND 19

Interrogatories 14 and 19 both request BBG to "DESCRIBE IN DETAIL," which not only requires BBG to "set forth with particularity and precision the underlying facts" of the matters stated, but also requires BBG to identify "any natural person, company, business entity, document, meeting, communication, and any other fact, person or thing involved in or related to that matter."

BBG's argument that a response to these Interrogatories could simply be obtained in a deposition is not a valid excuse for refusing to answer these Interrogatories.

First, the purpose of serving these Interrogatories *prior* to any depositions was to inform Fugnetti as to the substance of BBG's knowledge and so that it could more effectively ask questions at the deposition and determine whether BBG's Interrogatory responses were consistent with its deposition testimony. BBG's refusal to respond has denied Fugnetti the opportunity to know BBG's understanding of these critical events and whether any supporting documents or witnesses existed, which Fugnetti could have potentially used in its deposition questioning

Second, the information requested in these Interrogatories goes beyond a mere recitation of the facts. The defined term "DESCRIBE IN DETAIL" requires BBG to identify "any natural person, company, business entity, document, meeting, communication, and any other fact, person or thing involved in or related to that matter." It would be difficult, if not impossible to obtain this information in a deposition consisting of spontaneous testimony. Especially when BBG's failure to answer has left Fugnetti in the dark as to which individuals might have knowledge of the matters at issue, or which documents might be relevant to any line of deposition testimony.

As to Interrogatory No. 19, BBG makes various arguments as to privileged conversations related to this Interrogatory. Interrogatory does not request disclosure

of the contents on privileged conversations. Rather, the defined term DESCRIBE IN DETAIL only requires BBG to "set forth with particularity and precision *the underlying facts*" of the matter at issue. (Emphasis added). The protection of the privilege extends only to the contents of communications with attorneys and not to underlying facts they may contain. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 685-86 (1981).

## II.   REQUESTS FOR ADMISSION

### A.   BBG Misunderstands The Remedy Sought By Fugnetti.

BBG's response to the contested RFAs suggest that BBG misunderstands the remedy sought by Fugnetti in contesting the sufficiency of the responses. BBG seems to think that Fugnetti is seeking to compel BBG to "force it to admit to facts it simply cannot admit to." This is not correct.  Federal Rules of Civil Procedure 36(a)(4) states that "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." In other words, the three acceptable responses to a request for admission would be an admission, a specific denial, or a detailed statement as to why the request cannot be admitted or denied.

BBG's responses to RFAs 8, 10, and 12 purport to be denials, however BBG states that it "lacks information sufficient to admit or deny this *request and therefore denies it.*" (emphasis added). This is not a specific denial, nor is it a detailed statement as to why the request cannot be admitted or denied as required by Rule 36. BBG's responses to RFAs 3, 15-16, 18- 19, 20, 22-26, are specific denials.

As explained in the Motion to Compel and in this Supplemental Memorandum below, BBG clearly lacks sufficient information to be able to admit or deny these requests, and thus its purported denial is an insufficient response. Fugnetti does not seek these requests to be deemed admitted, but rather seeks to compel to BBG to withdraw its denial and "state in detail why the answering party cannot truthfully admit or deny" the request so that the record is clear that BBG cannot specifically

deny these Requests.

The purpose of this is to make sure the record for summary judgment or trial is clear as to what facts are definitively admitted, what facts are specifically denied, and what facts are neither admitted or denied so that is clear as to which facts are actually disputed and which are not.

**B.    BBG's Deposition Testimony Contradicts its RFA Responses.**

On June 30, 2021, Fugnetti served BBG a 30(b)(6) deposition notice listing 17 topics of examination. Supplemental Declaration of Ryan E. Carreon ("Supp. Carreon Decl."), ¶¶3-4, Exhibit A. The first topic of examination asked BBG to designate a witness "to produce a witness knowledgeable of "[a]ll of [BBG's] responses to any discovery request served to date including [BBG's] responses to all Interrogatories and Requests for Admission that have been served in this action." *Ibid.* BBG did not object to this topic and produced Bruce Donoho as its 30(b)(6) witness on July 9, 2021. *Id.* at ¶¶6-7.

When asked to review the Requests for Admission at issue, Donoho stated that he had not seen or reviewed the Requests prior to the responses being served on Fugnetti, had not participated in crafting the responses, nor was he aware of anyone at BBG that had done so. *Id.* at Exhibit B, p. 132, Lines, 4-7, 13-25; p. 133, Lines 2-8; p. 134, Lines 21-25; p. 135, Lines 2-4. In fact, as to Request for Admission 31, which BBG subsequently withdrew and amended as a result of the filing of this Motion, Donoho testified that if he had been shown Request for Admission 31, he would have known to admit the request because it was always his understanding that the statement was correct. *Id.* at Exhibit B, p. 165, Lines, 12-16; p. 166, Lines 4-25; p. 167, Line 2-25; p. 168, Lines 2-12.

Specifically as to Request For Admission 31, BBG states that Fugnetti "failed in its meet and confer letter concerning this Request to reference or identify the testimony of Bruce Donoho to clarify the scope or context of the individual projects of the Request" and that if Fugnetti had done so, it would have withdrawn its denial

sooner. What BBG fails to acknowledge is that during the meet and confer call, BBG stated for the first time that "Fugnetti never incorporated the Flying Pigeon Image into any project that he designed for BBG." Declaration of Ryan E. Carreon ¶¶11-13; Supp. Carreon Decl. ¶¶12-15. In response, counsel for Fugnetti pointed out that BBG had previously said the opposite in sworn testimony to which BBG's counsel responded "No it did not." Supp. Carreon Decl. ¶¶12-15. It was only after Fugnetti filed its Motion that BBG agreed to withdraw its denial of Request For Admission 31. Regardless, it is not Fugnetti's obligation to ensure that BBG's discovery requests are truthful.

BBG's responses to RFAs 15-16, 18- 19, 20, 22-26, are specific denials. However, each of these Requests concern the precise moment in time that the Flying Pigeon Image photograph was taken. Mr. Dohono unequivocally testified that neither he nor anyone else at BBG was present when the Flying Pigeon Image was created, and that because of that, BBG did not know one way or another what happened when the Flying Pigeon Image was created. *See* Supp. Carreon Decl. at Exhibit B, p. 133, Lines, 17-25; p. 134, Lines 2-25; p. 135 Lines 2-4; p. 150, Lines 7-25; p. 151, Lines 3-25; p. 152, Lines 2-18; p. 153, Lines 12-14, 19-25.

Because BBG was not present when the Flying Pigeon Image was taken, it cannot specifically deny RFAs 15, 16, 18, 19, 20, 22, 23, 24, 25 and 26. As such, it should be compelled to withdraw its specific denial so that the record is clear that no dispute of fact exists concerning RFAs 15, 16, 18, 19, 20, 22, 23, 24, 25 and 26.

## III.   SANCTIONS ARE REQURIED AND APPROPRIATE IN THIS CASE

Federal Rules of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted—or if the disclosure or requested discovery is provided after the motion was filed —the court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." A sanctions award is only improper if "the opposing party's

4

nondisclosure, response, or objection was substantially justified" *Id.* at (a)(5)(A)(ii).

Here, not only are sanctions required under Rule 37, they are appropriately awarded because BBG's improper responses are not substantially justified. As to the Interrogatories, BBG's baseless privilege objection and refusal to respond or identify relevant documents or witnesses is not justified simply because it would later be deposed.

As to the Requests For Admission, BBG cannot in good faith maintain that its responses are substantially justified considering Donoho's testimony that he had not seen or reviewed the Requests prior to the responses being served, had not participated in crafting the responses, nor was he aware of anyone at BBG that had done so. *Id.* at Exhibit B, p. 132, Lines, 4-7, 13-25; p. 133, Lines 2-8; p. 134, Lines 21-25; p. 135, Lines 2-4. In fact, Donoho testified that if he had been shown Request for Admission 31, he would have known to admit the request because it was always his understanding that the statement was correct. Supp. Carreon Decl. at Exhibit B, p. 165, Lines, 12-16; p. 166, Lines 4-25; p. 167, Line 2-25; p. 168, Lines 2-12. Had BBG's counsel consulted with its client about the Requests for Admission and obtained proper responses, the instant proceedings would have not been necessary.

Fugnetti originally requested that he be awarded sanctions in the amount of sanctions in the amount of $4,125, representing the time spent on this proceeding. Fugnetti also requests that he be awarded an additional $517.50 as the cost of the rough transcript of BBG's 30(b)(6) deposition which Fugnetti was required to obtain for purposes of this Supplement. Supp. Carreon Decl. ¶16, Exhibit C.

Dated: July 13, 2021                    Respectfully submitted,

                                        **/s/ Ryan E. Carreon**
                                        Ryan E. Carreon, Esq.
                                        Attorney for Plaintiff
                                        **HIGBEE & ASSOCIATES**
                                        1504 Brookhollow Dr., Ste 112
                                        Santa Ana, CA 92705-5418
                                        (714) 617-8336
                                        (714) 597-6729 facsimile
                                        rcarreon@higbeeassociates.com

5

**JOINT STIPULATION RE: MOTION TO COMPEL**