Mathew K. Higbee, Esq. SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
DENNIS FUGNETTI
PHOTOGRAPHY TRUST

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS FUGNETTI PHOTOGRAPHY TRUST,<br><br>                                    Plaintiff,<br><br> v.<br><br>BIRD B GONE, INC.; and DOES 1-10, inclusive,<br><br>                                    Defendant. | Case No.: 8:19-cv-00847-CJC-DFM<br><br>**SUPPLEMENTAL DECLARATION OF RYAN E. CARREON** |

i
**DECLARATION OF RYAN E. CARREON**

## DECLARATION OF RYAN E. CARREON

I, Ryan Carreon, declare as follows:

1.      I am over the age of 18 years old. I am an attorney at law admitted to practice in the Central District of California. I have personal knowledge of all matters stated herein, and if called as a witness, I could and would competently testify thereto.

2.      I am the attorney for Plaintiff Dennis Fugnetti Photography Trust in this matter.

3.      On June 30, 2021, I served and Amended 30(b)(6) Notice of Deposition of Bird B Gone, Inc. which included 17 topics of examination.

4.      Attached hereto as Exhibit A is a true and correct copy of the Amended 30(b)(6) Notice of Deposition of Bird B Gone, Inc.

5.      Topic number one requested BBG to produce a witness knowledgeable of "All of YOUR responses to any discovery request served to date including YOUR responses to all Interrogatories and Requests for Admission that have been served in this action."

6.      BBG did not object to this or any other topic in the Amended 30(b)(6) Notice.

7.      On July 9, 2021, BBG produced Bruce Donoho as its 30(b)(6) witness.

8.      I questioned Mr. Donoho at length about BBG's responses to its Requests for Admission.

9.      Attached hereto as Exhibit B are true and correct excerpts of uncertified transcript that I received directly from the court reporter.

10.     Although the uncertified transcript contains some misspellings and typographical errors, to the best of my recollection the excerpts that I have attached to this declaration accurately reflect the substance of Mr. Donoho's testimony at the July 9, 2021 deposition.

11.     On Friday June 4, 202, I conferred with counsel for BBG John van Loben Sels about the discovery at issue.

**DECLARATION OF RYAN E. CARREON**

12.     During our discussion about Request for Admission 31, BBG stated, for the first time, that the reason it had denied the Request because "Fugnetti never incorporated the Flying Pigeon Image into any project that he designed for BBG."

13.     In response I pointed out that BBG specifically stated in sworn testimony that it had commissioned Fugnetti to create materials which incorporated the Flying Pigeon Image.

14.     Mr. van Loben Sels responded, "No [BBG] did not."

15.     BBG only withdrew its response to RFA 31 after Fugnetti filed the instant Motion to Compel.

16.     Attached hereto as Exhibit C is a true and correct copy of an email from Richie Root, the billing manager at the court reporting service indicating that the estimated cost of the rough transcript would be $517.50.


I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 13, 2021 at Santa Ana, California.


_____

Ryan E. Carreon

**DECLARATION OF RYAN E. CARREON**

# Exhibit "A"

1   Mathew K. Higbee, Esq., SBN 241380
    Ryan E. Carreon, Esq., SBN 311668
2   **HIGBEE & ASSOCIATES**
    1504 Brookhollow Dr., Suite 112
3   Santa Ana, CA 92705
    (714) 617-8336
4   (714) 597-6729 facsimile
    mhigbee@higbeeassociates.com
5   rcarreon@higbeeassociates.com

6   Attorney for DENNIS FUGNETTI
    PHOTOGRAPHY TRUST

7                    **UNITED STATES DISTRICT COURT**
8                    **CENTRAL DISTRICT OF CALIFORNIA**

9   DENNIS FUGNETTI PHOTOGRAPHY       Case No.: 8:19-cv-00847-CJC-DFM
    TRUST,
10                                    **AMENDED NOTICE OF**
                      Plaintiff,      **DEPOSITION OF BIRD B GONE,**
11                                    **INC.**
     v.
12                                    Date:    July 9, 2021
    BIRD B GONE, INC.; and DOES 1-10,
13  inclusive,                        Time:    10:00 a.m. PST

14                    Defendant.      Place:   Higbee & Associates
                                               1504 Brookhollow Drive
15                                             Suite #112
                                               Santa Ana, CA 92705
16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                  1

TO DEFENDANT AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 30(b)(1) and (6), Plaintiff Dennis Fugnetti Photography Trust ("Plaintiff") will take the deposition upon oral examination of Defendant Bird B Gone, Inc. ("Defendant") by and through one or more of Defendant's officers, directors, or other persons who are designated and consent to testify on Defendant's behalf, with respect to the topics set forth herein in Attachment A. The person or persons so designated shall testify as to information known or reasonably available to Defendant.

The deposition will commence at 10:00 a.m. PST on July 9, 2021, and continuing from day to day thereafter (excluding Sundays and holidays) until completed, unless some other date is agreed upon by the parties. The deposition will take place at Higbee & Associates, 1504 Brookhollow Drive, Suite #112, Santa Ana, California, 92705

PLEASE TAKE FURTHER NOTICE that the deposition will take place before an officer duly authorized by law to administer oaths and to record testimony, and will continue from day to day until completed. The testimony will be recorded by stenographic and videographic means.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(6), Defendant is required to designate and to produce one or more knowledgeable and competent representatives to testify on its behalf as to the information known or reasonably available to it concerning each of the topics set forth in Attachment A, attached hereto. Defendant shall identify the witnesses who will testify on all or any part of any subject matter below at least seven (7) days in advance of the deposition.

/ / /

/ / /

/ / /

Dated: June 30, 2021

Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.,
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
*Counsel for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AMENDED NOTICE OF DEPOSITION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT A

# DEFINITIONS

1.     The terms "DEFENDANT", "YOU", and "YOUR" shall refer to Defendant Bird B Gone Inc., its agents, representatives, employees, independent contractors, trustees, partners, law firms, attorneys, members, managing members, affiliates, companies and any others acting on its behalf.

2.     The terms "PLAINTFF" shall mean and refer to Plaintiff Dennis Fugnetti Photography Trust, as well as its agents, employees, consultants, representatives, attorneys, accountants, and all other persons and/or entities acting or purporting to act on its behalf.

3.     The term "COMPLAINT" shall mean the Complaint filed in this action on May 6, 2019, Docket number 1.

4.     The term "ANSWER" shall mean the portion of Docket number 32, filed in this action on October 1, 2019, which responds to the COMPLAINT and begins on Defendant's page 1 and ending on Defendant's page 6.

5.     The term "COUNTERCLAIM" shall mean the portion of Docket number 32, filed in this action on October 1, 2019, labeled "AMENDED COUNTERCLAIMS" and begins on Defendant's page 6.

6.     The term "IMAGE" means the Flying Pigeon Image as that term is defined in the COMPLAINT.

7.     The term TRADEMARK means the federal trademark registration number 3000872, filed on December 3, 2003 as depicted in Exhibit B to the Declaration of Bruce Donoho filed at Docket 35-3.

8.     The term "DOCUMENT" has the full meaning ascribed to it in Rules 26 and 34 of the Federal Rules of Civil Procedure, and includes, the original (and every copy of the original which differs in any way from it) of all written, recorded, or graphic matter in any and all media of any type or description, however produced or reproduced, upon which intelligence or information is recorded, including

4

electronically stored information, which is or has been in the possession, control, or custody of Plaintiff, or of which Plaintiff has knowledge. A draft or non-identical copy is a separate document within the meaning of this term.

9.      The term "COMMUNICATION" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, meetings, consultations, agreements, and other understandings between or among two or more people.

10.     The term "PERSON" shall mean, refer to, and include any natural person and any business entity or legal entity or subdivision thereof, including any corporation, firm, partnership, association, organization, limited liability company, limited liability partnership, joint venture, trust, public entity, government agency, or any other business or legal entity.

11.     The words "CONCERN," "CONCERNING," "RELATED TO," "RELATING TO," "REFER TO," or "REFERING TO" any given subject means disclosing, describing, confirming, supporting, evidencing, representing, constituting, comprising, containing, embodying, reflecting, identifying, stating, showing, pertaining directly or indirectly to, dealing with, or in any way relevant within the meaning of Rule 26, Fed. R. Civ. P.

12.     The term "PRODUCT" refers to any tangible item or service sold or offered for sale by DEFENDANT at any time during DEFENDANT's existence.

13.     The term "PACKAGING" refers to any wrapping, cover, boxboard, carton, container, label, or enclosure distributed in connection with any PRODUCT that serves to contain, identify, describe, protect, display, or promote said PRODUCT.

### **RULE 30(b)(6) TOPICS**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Bird B Gone, Inc. is obligated to designate and produce at the deposition those of its officers, directors, managing agents, employees, and agents who are knowledgeable to testify on its behalf as to those subjects and matters listed below, and the person or persons so designated must testify to the extent of any information known or reasonably available to you:

1.     All of YOUR responses to any discovery request served to date including YOUR responses to all Interrogatories and Requests for Admission that have been served in this action.

2.     YOUR ANSWER including all documents attached thereto.

3.     All facts that support YOUR affirmative defenses.

4.     All facts that support YOUR COUNTERCLAIMS.

5.     The amount and method of calculation of all damages that YOU claim to have suffered as a result of the conduct alleged in the COUNTERCLAIM.

6.     YOUR relationship with Dennis Fugnetti.

7.     Any agreement between YOU and Dennis Fugnetti regarding the use of the IMAGE.

8.     The circumstances surrounding YOUR decision to apply for the TRADEMARK.

9.     The circumstances surrounding the creation of the IMAGE.

10.     YOUR use of the IMAGE from 2003 to present.

11.     YOUR use of the TRADEMARK on PACKAGING from December 1, 2003 to present.

12.     The Declaration of Bruce Donoho filed at Docket 25-1.

13.     The value of the TRADEMARK.

14.     YOUR efforts to gather information to apply for a copyright registration for the IMAGE.

**AMENDED NOTICE OF DEPOSITION**

15.     Any use of the TRADEMARK by YOUR competitors.

16.     Gross sales of the any PRODUCT with PACKAGING utilizing the TRADEMARK.

17.     The identities of all PERSONS that have participated in the graphic design of any PACKAGING for any of YOUR PRODUCTS from January 1, 2005 to present.


Dated: June 30, 2021                          Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On June 30, 2021, I caused to be served the foregoing documents:

**AMENDED NOTICE OF DEPOSITION OF BIRD B GONE, INC.**

I hereby certify that sent a copy of the foregoing document by electronic mail to the following recipients:

Robert D. Fish
rfish@fishiplaw.com

John D. van Loben Sels
jvanlobensels@fishiplaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June 30, 2021, at Santa Ana, California.

**/s/ Ryan E. Carreon**
Ryan E. Carreon

**AMENDED NOTICE OF DEPOSITION**

# Exhibit "B"

```
1       UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2             MR. van LOBEN SELS:  You're fine.

3             THE WITNESS:  Okay.

4             MR. CARREON:  Okay.  I'm going to have the
02:16:18
5       court reporter mark as Exhibit 8 Bird B Gone's

6       responses to Request for Admission Set 2, which is

7       dated may 6, 2021.

8             (The aforementioned document was

9             marked Exhibit 8 for
02:16:55
10            identification.)

11            THE WITNESS:  Thanks.

12      BY MR. CARREON:

13      Q.   Why don't you take a minute to review that,

14      Mr. Donoho, and let me they when you're finished.
02:18:31
15      A.   Go ahead.

16      Q.   Okay.  Thank you.  Have you seen this

17      document before, Mr. Donoho?

18      A.   I don't recall seeing it.

19      Q.   So since you don't recall seeing it do you
02:18:53
20      recall reviewing these responses before May 6th,

21      2021?

22      A.   There was a very busy time for me may 6,

23      2021 which I think I already communicated.

24      Q.   Uh-huh?
02:19:16
25      A.   I -- I believe that -- I -- I just --
```

                132

UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

1

2       because of what's all been going on in my life with

3       selling a business and everything else like that.  I

4       don't remember exactly reading this but go ahead
02:19:33
5       but --

6               Q.   Okay.  That's fine.  And there's no

7       verification page --

8               A.   No.

9               Q.   -- with this is there?  All right.  Who
02:20:04
10      created the flying pigeon image.

11              A.   Me.

12              Q.   You went and took the photo?

13              A.   No I created the actual drawing -- the

14      drawing of it and created the idea for it and
02:20:24
15      created its -- its purpose and in my mind I created

16      that.

17              Q.   Were you present when the photograph was

18      taken?

19              A.   No.
02:20:38
20              Q.   Who was present when the photograph was

21      taken?

22              A.   I don't know.

23              Q.   Was anyone at Bird B Gone present when the

24      photograph was taken?
02:20:49
25              A.   No.

        133

UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

```
 1          UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

 2              Q.    Was the photograph taken by Dennis

 3      Fugnetti?

 4              A.    I don't know.
02:21:04
 5              Q.    Why don't you know?

 6              A.    I wasn't there.

 7              Q.    Okay.  Let's go to page 5, and it's going

 8      to be Request For Admission No. 5.

 9              A.    Okay.
02:21:18
10              Q.    Can you read that out loud, please?

11              A.    "Admit that you did not choose the location

12      where the imaging was taken."

13              Q.    And can you read the response?

14              A.    "Denied."
02:21:30
15              Q.    Did Bird B Gone choose the location where

16      the flying pigeon photo was to be taken?

17              A.    No.

18              Q.    So then why did Bird B Gone deny this

19      request for admission?
02:21:46
20              A.    I don't know.  I was not present.

21              Q.    And it's your testimony that you don't

22      recall reviewing this before --

23              A.    Right.

24              Q.    -- it was provided?  Okay.
02:21:59
25              And to the best of your knowledge, nobody
          134

          UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE
```

```
1        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2        at Bird B Gone reviewed this before --

3             A.   No.

4        Q.   -- it was sent?  Okay.  Okay.  Let's
02:22:13
5    skip --

6        A.   It --

7        Q.   Go ahead.

8        A.   I'm getting confused on the definitions --

9        Q.   Okay.
02:22:34
10            A.   -- of "admit" and "denied," and I assume

11   denied means --

12            Q.   So thank you for letting me know your

13   confusion.  I just want to make sure we're all on

14   the same page --
02:22:50
15            A.   Sure.

16            Q.   -- if we can.  So "admit" and "denied"

17   means that this statement that you have read in the

18   request for admission, you're being asked to admit

19   it is true to deny that it is true or to state that
02:23:06
20   for some reason you can't admit or deny that it's

21   true.

22            A.   Well, I --

23            MR. van LOBEN SELS:  Object --

24            THE WITNESS:  Go ahead.
02:23:16
25            MR. van LOBEN SELS:  Object to that
     135
```

```
 1        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

 2        A.    I know and I'm having to drink water like

 3   crazy.

 4        Q.    All right.   Let's go off the record.

 5        A.    Thank you.

 6             (A recess was taken.)

 7   BY MR. CARREON:

 8        Q.    Okay.  So we're back in settled in

 9   hopefully.  Let's go back to request for commission
02:44:06
10        No. 15 I know we were discussing it but let's just

11        to make sure we're all on the same make we'll just

12        have you read it again and then I can ask my

13        questions again just to make sure we capture

14        everything there.
02:44:20
15        A.    Admit that you did not determine the

16   subject -- oh, is this -- this is new request to

17   admit that you did not determine the subject of the

18   image as it was taken.

19        Q.    Okay.  And what was Bird B Gone's response
02:44:36
20   to that request for admission?

21        A.    Denied.

22        Q.    And you previously testified that no one at

23   Bird B Gone was present when the flying bird image

24   was taken; is that correct?
02:44:48
25        A.    That's correct.
              150
```

```
1          UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2          Q.    So since it was -- sorry -- strike that.

3                So since nobody at Bird B Gone was present

4      as the flying pigeon image was taken why would Bird
02:45:07
5      B Gone deny this request?

6                MR. van LOBEN SELS:  Objection; incomplete

7      hypothetical, it calls for speculation.

8                THE WITNESS:  Because it does the know

9      whether Dennis Fugnetti was there or not.
02:45:22
10     BY MR. CARREON:

11          Q.    Well, this request for admission is not

12     asking anything about Dennis Fugnetti.

13          A.    Okay, okay.

14          Q.    Just asking whether Bird B Gone determined
02:45:32
15     the subject of the flying bird image as it was

16     taken.  So as the flying bird image was being taken

17     the shutter was being clicked on the camera?

18          A.    Month.  I mean, I -- yes.  The -- the -- I

19     think we discussed that.
02:45:48
20          Q.    Uh-huh.

21          A.    -- but I was not present for this photo.  I

22     did not see who took it or where it was taken.

23          Q.    So it could be incorrect to say that Bird B

24     Gone did not determine the subject of the image as
02:46:07
25     it was taken since nobody at Bird B Gone was there
       151

          UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE
```

1       UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2       when it was taken?

3           A.    Correct.

4           Q.    Yeah.   Okay.   Let's skip to Request For
02:46:22
5       Admission No. 16.   Go ahead and read that out loud

6       please?

7           A.    Admit that Dennis Fugnetti determined the

8       subject of the image as it was taken.

9       Q.    And what was Bird B Gone's response?
02:46:33
10          A.    Denied.

11          Q.    Now you previously testified that neither

12      you or anyone from Bird B Gone knows for certain who

13      took the flying bird image; is that correct?

14          A.    That's correct.
02:46:47
15          Q.    So it would be I am payable for Bird B Gone

16      to determine whether or not it was Dennis Fugnetti

17      that took the image?

18          A.    It -- it would be impossible.

19      Q.    Okay.   So it would be incorrect for Bird B
02:47:11
20      Gone to definitely deny this statement since it

21      could not determine who took the image?

22              MR. van LOBEN SELS:   Objection; it calls

23      for a legal conclusion, incomplete hypothetical, it

24      calls for speculation.
02:47:27
25              THE WITNESS:   Again, I don't --
        152

        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

```
1        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2        Dennis Fugnetti determined the subject of the image

3        as it was taken:  Denied.  I determined that the

4        subject of the image.
02:47:56
5        BY MR. CARREON:

6            Q.   As it was taken?

7            A.   Not -- go ahead.

8                 MR. van LOBEN SELS:  Objection; it

9        mischaracterizes the request, incomplete
02:48:06
10        hypothetical.

11        BY MR. CARREON:

12            Q.   Mr. Donoho, did you determine the subject

13        of the image as it was taken?

14            A.   No.
02:48:18
15            Q.   And can you state definitively that

16        Dennis Fugnetti did not determine the subject of the

17        image as it was taken?

18            A.   Definitively -- say that again?

19            Q.   Can you state definitively that
02:48:41
20        Dennis Fugnetti did not determine the subject of the

21        image as it was taken?

22            A.   No.

23            Q.   And that's because neither you nor anyone

24        else at Bird B Gone was present?
02:48:50
25            A.   Correct.
        153
```

UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

1        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2        for speculation.

3                THE WITNESS:  No, not offhand.  I'm -- I'm

4        reading the responses and it is vague pre mice
03:01:55
5        moment in time is vague and ambiguous.

6        BY MR. CARREON:

7            Q.   Sure but clearly the request for admission

8        was understandable enough to allow Bird B Gone to

9        respond?
03:02:11
10               MR. van LOBEN SELS:  Objection;

11       argumentative.  No question pending.

12               MR. CARREON:  Okay.  I'm going to ask the

13       court reporter to mark as Exhibit 10 a copy of

14       Defendant's Second Supplemental Response to
03:02:31
15       Plaintiff's Request for Admission Set Two which is

16       dated June 29th, 2021.

17               (The aforementioned document was

18               marked Exhibit 10 for

19               identification.)
03:03:25
20       BY MR. CARREON:

21           Q.   And do you have that, Mr. Donoho?

22           A.   Uh-huh, yes.

23           Q.   Sorry, I didn't see the court reporter hand

24       it to you.
03:03:34
25               And we're going to page 4 which is Request
        165

        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

1        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2        For Admission 31.

3              A.    Go ahead.

4              Q.    Okay.  Can you please read Request for
03:03:51

5        Admission No. 31?

6              A.    "Admit that you separately paid

7        Dennis Fugnetti for each project that he completed

8        for you in which he incorporated the image."

9              Q.    And what was Bird B Gone's original
03:04:04

10       response?

11             A.    "Denied."

12             Q.    And what was the supplemental response?

13             A.    Admit.

14             Q.    Now you previously testified that Bird B
03:04:18

15       Gone worked with Mr. Fugnetti on a project by

16       project basis?

17             A.    Yes.

18             Q.    -- is that correct?  And I believe that was

19       in both your declaration and the counter claim is
03:04:27

20       that to the best of your recollection?

21             A.    Yes.

22             Q.    And you also testified previously that you

23       had paid Mr. Fugnetti for each of the projects that

24       were created from Bird B Gone; is that correct?
03:04:43

25             A.    Well, we paid MIAD.

        166

        UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

```
 1      UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

 2          Q.   Okay.  So MIAD was paid for each project

 3      that was completed --

 4          A.   Right.
03:04:57
 5          Q.   -- by -- yeah.

 6               And has that always been your recollection

 7      of the circumstances between the relationship

 8      between Bird B Gone and Dennis Fugnetti and MIAD?

 9          A.   Yes.
03:05:22
10               Q.   Okay.  So if someone would have showed you

11      this request for admission, you would have known to

12      admit this request for admission since it has always

13      been your understanding that there were separate

14      payments for each project that was completed?
03:05:41
15               MR. van LOBEN SELS:  Objection; it calls

16      for speculation, relevance.

17               THE WITNESS:  Say that again so I can --

18      BY MR. CARREON:

19          Q.   Sure.
03:05:59
20               So if you had read this request for

21      admission prior to today --

22          A.   Yes.

23               Q.   -- would you have admitted that this

24      statement is true?
03:06:16
25               MR. van LOBEN SELS:  Objection; it calls
        167
```

UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

1      UNCERTIFIED ROUGH DRAFT -- NOT FOR OFFICIAL USE

2      for speculation.

3            THE WITNESS:  I think so, yes.

4      BY MR. CARREON:
03:06:33
5            Q.   Okay.  And that's because it's always been

6      your understanding that for every project that was

7      completed that there was a payment that was made?

8            A.   That there was a bill, and we paid the

9      bill.
03:06:44
10           Q.   Okay.  And there's no verification page or

11     anything on this Exhibit 10, supplemental responses.

12           A.   No.

13           Q.   No.  Okay.  Thank you.  All right.

14                I'm going to ask you to dig through your
03:07:18
15     pile and find Exhibit 4 which is the amended

16     interrogatory responses.

17                If you need a moment to do that.

18           A.   What?  Exhibit 4?

19           Q.   Yes.
03:07:36
20           A.   Okay.  Go ahead.

21           Q.   Okay.  And we're going on skip over to

22     Interrogatory 16 which is page 12 of Exhibit 4.

23           A.   Okay.  Number 16; correct?

24           Q.   Yes.  Can you please read that?
03:08:09
25           A.   "Describe in detail the amount and method

        168

# Exhibit "C"

 Gmail

**Ryan Carreon <ryancarreon1@gmail.com>**

---

## Rough draft transcript of Job 165998 taken on 07/09/21 Bruce Alan Donoho

**Richie Root (Steno)** <concierge@steno.com>
Reply-To: Steno <concierge@steno.com>
To: Ryan Carreon <rcarreon@higbeeassociates.com>

Mon, Jul 12, 2021 at 8:46 AM

---

**Richie Root** (Steno)

Jul 12, 2021, 8:46 AM PDT

Good morning,

The estimated cost of the rough draft is $517.50.

Richie Root

Billing Manager
Steno

Ph: (747) 273-0551

[GVEEX5-WGZW]

7/12/2021          Case 8:19-cv-00847-CJC-DFM   Document 89-1   Filed 07/13/21   Page 28 of 29   Page ID
                                     Gmail - Rough draft transcript of Job 165998 taken on 07/09/21 Bruce Alan Donoho
                                                                    #:1952

 **Gmail**                                                              **Ryan Carreon <ryancarreon1@gmail.com>**

---

## Rough draft transcript of Job 165998 taken on 07/09/21 Bruce Alan Donoho

**realtimecaption** <realtimecaption@aol.com>                                    Mon, Jul 12, 2021 at 5:30 AM
To: Ryan Carreon <rcarreon@higbeeassociates.com>

Hi Ryan,
I had emailed a request to the office regarding the cost of the rough draft and will touch bases with them this morning as
well to ensure it was taken care of in a timely manner.
Best regards,
Dorien


Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: Ryan Carreon <rcarreon@higbeeassociates.com>
Date: 7/11/21 10:20 PM (GMT-08:00)
To: matthew@steno.com, concierge@steno.com
Cc: realtimecaption@aol.com
Subject: Re: Rough draft transcript of Job 165998 taken on 07/09/21 Bruce Alan Donoho

Hello,

If you could get me a quote on the price of the rough as soon as possible that would be great! Thanks!

Ryan E. Carreon
Associate Attorney
Copyright Division

Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Direct: (626) 533-7357
Phone: (714) 617-8336   Fax: (714) 597-6559

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the
intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you
have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message.


On Sun, Jul 11, 2021 at 9:16 PM Ryan Carreon <rcarreon@higbeeassociates.com> wrote:
  Thank you so much!

  Ryan E. Carreon
  Associate Attorney
  Copyright Division

  Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
  1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
  Direct: (626) 533-7357
  Phone: (714) 617-8336   Fax: (714) 597-6559

  This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not
  the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.
  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message.


On Sun, Jul 11, 2021 at 9:15 PM <realtimecaption@aol.com> wrote:
  Hello Counsel,

Please find attached Job 165998, rough draft transcript of Bruce Alan Dohoho taken on 07/09/21.

(CODE OF CIVIL PROCEDURE SECTION 2025(R)(2):  RULES RE: USE OF ROUGH DRAFT TRANSCRIPT:
   "WHEN PREPARED AS A ROUGH DRAFT TRANSCRIPT, THE TRANSCRIPTS OF THE DEPOSITION MAY NOT BE CERTIFIED AND MAY NOT BE USED, CITED, OR TRANSCRIBED AS THE CERTIFIED TRANSCRIPT OF THE DEPOSITION PROCEEDINGS.  THE ROUGH DRAFT TRANSCRIPT MAY NOT BE CITED OR USED IN ANY WAY OR AT ANY TIME TO REBUT OR CONTRADICT THE CERTIFIED TRANSCRIPT OF DEPOSITION PROCEEDINGS AS PROVIDED BY THE DEPOSITION OFFICER.")

Confirmation upon receipt will be greatly appreciated.

Best regards,

Dorien Saito, CSR 12568, Certified LiveNote Reporter
(213) 760-3795

On behalf of Steno

**PRIVILEGE AND CONFIDENTIALITY NOTICE**:

The information transmitted, including attachments, email address(es), is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient(s) is strictly prohibited. If you received this in error please please notify the sender by email reply and immediately destroy the original conveyance as well as all attachments and/or references to its contents.

Thank you.