UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 19-00847-CJC (DFMx) | Date: | July 14, 2021 |
|---|---|---|---|
| Title | Dennis Fugnetti Photography Trust v. Bird B Gone, Inc. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Plaintiff's Motion to Compel (Dkt. 87)

Plaintiff Dennis Fugnetti Photography Trust ("the Trust") moves for (1) an order compelling Defendant Bird B Gone, Inc. ("Bird") to provide supplemental responses to Interrogatory Nos. 14 and 19 and (2) an order determining the sufficiency of Bird's responses to 15 separate requests for admission. See Dkt. 87. The matter was noticed for hearing on July 20, 2021. See id. Neither side filed a supplemental memorandum by the July 6, 2021 deadline. See Local Rule 37-2.3.[1] I find that the parties' Joint Stipulation filed in connection with the motion enable me to decide this matter without oral argument and take off calendar the hearing noticed for July 20, 2021. See Local Rule 7-15.

**A.    Motion to Compel Supplemental Interrogatory Responses**

Interrogatory No. 14 asked Bird to "DESCRIBE IN DETAIL YOUR statement in paragraph 12 of the COUNTERCLAIM that Bird B Gone, Inc. and Dennis Fugnetti 'worked together on a project by project basis to design marketing materials.'" After making various objections, Bird responded as follows: "Subject to and without waiving the foregoing objections, BBG responds that the statements in the declaration are self-explanatory and it is not clear precisely what additional detail Fugnetti seeks by this interrogatory."

The Trust argues that Bird's response is deficient because it fails to set forth with particularity the underlying facts of the relationship identified in Paragraph 12 of Bird's

---

[1] After this order was substantially drafted, the Trust filed an untimely supplemental memorandum. See Dkt. 89. I have reviewed it but nothing the Trust argues in its supplemental memorandum has caused me to change my analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

counterclaim. Bird responds by positing that the Trust's Rule 30(b)(6) deposition, which was scheduled to occur last week, would be a better vehicle for this inquiry. But absent a showing of undue burden, of which it makes none, Bird does not get to choose what method of discovery the Trust uses to seek information. Bird is ordered to provide a supplemental response within fourteen (14) days of the date of this order that sets forth with particularity the underlying facts of the relationship identified in Paragraph 12 of Bird's counterclaim.

Interrogatory No. 19 asks Bird to "DESCRIBE IN DETAIL the circumstances surrounding YOUR decision to apply for the TRADEMARK." Bird objected to Interrogatory No. 19 on three grounds: (1) that it is a "contention interrogatory," (2) that it seeks expert testimony, and (3) that it calls for information subject to the attorney-client privilege and work product doctrine. Based on those objections, Bird refused to answer Interrogatory No. 19. In its portion of the Joint Stipulation, Bird argued only one-and-a-half of its three objections, contending that Interrogatory No. 19 calls for expert testimony and seeks the disclosure of information protected by the attorney-client privilege.

Bird's expert testimony objection is meritless. The Trust's interrogatory asks for facts, not expert opinion. This leaves Bird's attorney-client privilege argument.[2] But "the privilege protects only communications, and not underlying facts." Dolby Laboratories Licensing Corporation v. Adobe Inc., 402 F. Supp. 3d 855, 863 (N.D. Cal. 2019). And while I have little doubt that there may be privileged communications implicated by Interrogatory No. 19, the existence of such communications is not a basis for a wholesale refusal to answer an interrogatory that seeks information about underlying facts, even if those underlying facts are referenced within a privileged communication. Bird is accordingly ORDERED to provide a supplemental response to Interrogatory No. 19 within fourteen (14) days of the date of this order. Bird may withhold attorney-client privileged communications from its answer, but it must comply with Rule 26(b)(5)(A) as to any withheld communications.

**B.    Motion to Determine the Sufficiency of RFA Answers**

Under Rule 36(a), a response to an RFA must consist of one of the following: an admission, a denial, or a statement explaining why a party is unable to admit or deny the request. A party who contends that a response to an RFA does not comply with Rule 36(a) may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). That is what the Trust has done, arguing that Bird's answers to RFA Nos. 3, 8, 10, 12, 15-16, 18-20, 22-26, and 31 are insufficient.

---

[2] Bird also makes a half-hearted attempt to contend that its trademark application is not relevant. But relevance was not one of Bird's objections and this argument was accordingly waived.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

But Bird's substantive answer to 12 of these RFAs—Nos. 3, 15, 16, 18, 19, 20, 22, 23, 24, 25, 26, and 31—consists of a single word: "Denied." While the Trust contends that Bird's answers cannot be warranted by the evidence thus accumulated in the case, including its own pleadings, But Rule 36(a)(6) does not authorize the court to inquire into the substantive accuracy of the denial. Instead, the Trust's remedy as to those denials is a post-trial motion under Rule 37(c)(2) for its reasonable expenses. See Johnson v. Gooden, No. 20-118, 2021 WL 1030991, at *1-2 (M.D. La. Mar. 17, 2021); see also Rutter Group Practice Guide: Federal Civil Procedure Before Trial ¶ 11:2074 (2021 ed.) ("If the request is completely denied, a motion to determine the sufficiency of the denial is improper. The truth of the matter must be proved at trial, whereafter the discovering party's only remedy is to move for payment of the expenses of such proof."). The Trust's motion is accordingly DENIED as to RFA Nos. 3, 15, 16, 18, 19, 20, 22, 23, 24, 25, 26, and 31.

That leaves Bird's responses to RFA Nos. 8, 10, and 12, each of which is identical: "[Bird] lacks information sufficient to admit or deny this request and therefore denies it."[3] The Rules allow a party to assert lack of knowledge or information as a reason for failing to admit or deny an RFA, but "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Moreover, the Rules require the answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Id. Bird's responses do not meet these requirements. But I will allow Bird to amend its answers. See Murrey v. City of Los Angeles, 2020 WL 2065019, at *4 (C.D.Cal. Feb. 21, 2020) (allowing party opportunity to amend similarly deficient answers).

The Trust's motion is accordingly GRANTED as to RFA Nos. 8, 10, and 12. Bird is ordered to amend its responses within fourteen (14) days of the date of this order. In amending its responses, Bird shall conduct a reasonable inquiry to determine whether readily available information is sufficient to enable it to admit or deny the matters. If, after such an inquiry, the information is not readily obtainable, Bird shall set forth in detail why the information is insufficient to admit or deny the RFAs.

C.   **The Trust's Request for Sanctions**

Because the Trust's motion was granted in part and denied in part, each side shall bear its own attorney's fees and costs. See Fed. R. Civ. P. 37(a)(5)(C).

---

[3] Like its interrogatory responses, each of Bird's RFA responses is also made "[s]ubject to and without waiving" one or more objections. Although regrettably common, this lawyerly nonsense finds no basis in the Federal Rules. See, e.g., Amos v. Taylor, No. 20-0007, 2020 WL 7049848, at *9 (N.D. Miss. Dec. 1, 2020). Any objections to the RFAs are accordingly waived.