FILED
CLERK, U.S. DISTRICT COURT
12/14/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: clee DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DENNIS FUGNETTI PHOTOGRAPHY TRUST,

    Plaintiff,

v.

BIRD B GONE, LLC; and DOES 1-10, inclusive,

    Defendant.

Case No.: 8:19-cv-00847-SK

**JURY INSTRUCTIONS RE: PLAINTIFF'S DAMAGES**

1

# INSTRUCTION NO. 1

## COPYRIGHT—DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement that is not accounted for in the plaintiff's actual damages. The plaintiff must prove damages by a preponderance of the evidence.

# INSTRUCTION NO. 2

## COPYRIGHT—DAMAGES—ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. That recoverable amount can be represented by a lost license fee. A lost license fee is the amount the infringing defendant would have been reasonably required to pay the plaintiff at the time of the infringement for the actual use made by the defendant of the plaintiff's copyrighted work.

# INSTRUCTION NO. 3
## COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendant's gross revenue. A causal relationship is shown where the plaintiff presents some evidence that the infringement at least partially caused the profits that the defendant generated as a result of the infringement.

Once a causal relationship is shown, the plaintiff is only required to show the gross revenues generated from the sale of a product associated with the infringement.

The defendant's profit is then determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the sale of a product associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and product costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

# INSTRUCTION NO. 4

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves

**JURY INSTRUCTIONS RE: PLANTIFF'S DAMAGES**